# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21 C 3487 |
| | ) | |
| Administrator of the Estate of Former | ) | Judge Franklin U. Valderrama |
| Chicago Police Department Commander Jon | ) | |
| Burge, *et al.* | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

## DEFENDANT RICHARD M. DALEY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Richard M. Daley, by his attorney, Terrence M. Burns of Reiter Burns LLP, for his motion to dismiss plaintiff's complaint, states:

## I. INTRODUCTION

Plaintiff filed this action on June 30, 2021, against 17 different defendants, including several former Chicago police officers, former Chicago Police Department ("CPD") officials, former Cook County State's Attorney and former Mayor Richard M. Daley, a court reporter, an informant, several former Assistant State's Attorneys, the City of Chicago, and Cook County itself. (Dkt. #1). Plaintiff sets forth the following claims:

| | | |
|---|---|---|
| Count I | §1983 Due Process (14th Amendment) | |
| Count II | §1983 Coercive Interrogation | |
| Count III | §1983 Deprivation of Liberty without Probable Cause (4th and 14th Amendments) | |
| Count IV | Federal Law Civil Conspiracy | |
| Count V | *Monell* Policy Claim | |
| Count VI | State Law Malicious Prosecution | |

| Count VII | State Law Intentional Infliction of Emotional Distress |
| Count VIII | State Law Civil Conspiracy |
| Count IX | State Law *Respondeat Superior* |
| Count X | Statutory Indemnification |

According to the Complaint, plaintiff was arrested on February 14, 1982, and interrogated at Area 2 police headquarters regarding the murders of Chicago Police Officers William Fahey and Richard O'Brien. (Complaint, Dkt. #1, ¶¶107-108, 113). Plaintiff claims he was physically abused by police while in custody until he provided an inculpatory statement regarding the murders. (*Id.* ¶¶110-12, 115-16, 118, 121, 124-26, 130-31, 134-36, 140, 149). Plaintiff was convicted of the murders following a trial in 1983 and a retrial in 1989. (*Id.* ¶¶182, 195). In June of 2018, Cook County Criminal Court Judge William Hooks ruled that plaintiff's confession was tortured from him, granted plaintiff a new trial, and suppressed plaintiff's confession from any re-trial. (*Id.* ¶211). The Office of the Special Prosecutor ("OSP") proceeded to a third trial against plaintiff in 2020 before ultimately dismissing all criminal charges. (*Id.* ¶¶211, 213, 222). Plaintiff has sued several former police officers and Assistant State's Attorneys he claims were involved in his allegedly wrongful arrest, interrogation, and criminal prosecution. He also has sued several City of Chicago officials, including Mr. Daley, two former police superintendents, the former Chief Administrator of CPD's Office of Professional Standards ("OPS"), and a former General Counsel to the Superintendent of Police. In addition, he has sued the court reporter who transcribed Plaintiff's confession, and an informant who served time in prison with Plaintiff.

As to Mr. Daley, the Complaint[1] attempts to assert claims against him in two separate positions of public service – Cook County State's Attorney and Mayor of the City of Chicago.

---

[1] The facts set forth in the Complaint are accepted as true only for purposes of this motion. They are not admitted for any other purpose.

Plaintiff's claims against Mr. Daley in both public positions fail for a multitude of reasons as detailed below. Mr. Daley should be dismissed with prejudice from this action. Indeed, Courts have previously dismissed Mr. Daley with prejudice from earlier actions that attempted to assert the exact same claims as against him here. *See Wrice v. Burge*, 187 F. Supp. 3d 939, 948-50 (N.D. Ill. 2015); *Kitchen v. Burge*, 781 F. Supp. 2d 721, 733-35 (N.D. Ill. 2011); *but see Tillman v. Burge*, 813 F. Supp. 2d 946, 989-90 (N.D. Ill. 2011) (Dismissing claims against Mr. Daley at the pleadings stage except for conspiracy in his capacity as Mayor).

## II. STANDARD OF REVIEW

For purposes of efficiency and economy, Mr. Daley adopts the "Legal Standard" section of the City Defendants' Joint Motion to Dismiss Plaintiff's Complaint as though fully set forth herein.

## III. DISCUSSION

### A. Plaintiff's Claims Against Mr. Daley are Untimely

As an initial basis supporting dismissal, all federal and state law claims asserted against Mr. Daley are barred by the applicable statutes of limitations. Plaintiff's § 1983 claims are subject to a two-year statute of limitations (*Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016)), and the state law claims are subject to a one-year statute of limitations. 745 ILCS 10/8-101(a); *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005).

The allegations asserted against Mr. Daley relate to police officers' alleged coercion of a false confession from plaintiff, which was used to detain, prosecute, and convict plaintiff in the 1983 and 1989 trials; the alleged failure to investigate that misconduct; and the alleged suppression of other acts of physical coercion under Jon Burge, which, if revealed, would have bolstered plaintiff's contention that his confession was coerced. (*See, e.g.*, Compl. ¶267). As such, the claims against Mr. Daley can be distilled down to being based on his alleged conduct as related to

plaintiff's allegedly coerced confession. The Complaint, however, establishes the allegedly coerced false confession was *not* used to detain or prosecute plaintiff in relation to the third trial that commenced in 2020. In vacating plaintiff's 1989 conviction and granting him a new trial in June 2018, Judge Hooks ruled that plaintiff's confession would be suppressed and inadmissible in any new trial. (*Id*. ¶¶ 26, 211). Judge Hooks also released plaintiff on bond in June 2018. (*Id*. ¶311). It necessarily follows that any further detention or prosecution of plaintiff after June 2018 could not be based on plaintiff's confession, which as noted above, is the foundation for the claims against Mr. Daley in the Complaint. Indeed, plaintiff concedes his allegedly coerced confession played no role in his third trial in 2020. The Complaint acknowledges that the OSP decided to prosecute plaintiff a third time, with the "primary evidence" being the allegedly false and fabricated 1989 trial testimony of Defendant Coleman. (*Id*. ¶27). There are no allegations Mr. Daley had anything to do with Coleman's 1989 trial testimony or the re-prosecution of plaintiff in 2020.

The significance of these circumstances is that they establish any § 1983 claim predicated on the coercion or use of plaintiff's confession accrued no later than June 2018, when Judge Hooks vacated plaintiff's criminal conviction, suppressed his confession, and released him from custody. The two-year statute of limitations applicable to § 1983 actions thus expired in June 2020, long before plaintiff filed his complaint on June 30, 2021. The continued prosecution of plaintiff through 2020 was unrelated to the claims asserted against Mr. Daley. Accordingly, Plaintiff's § 1983 claims against Mr. Daley are time-barred and should be dismissed.

In the interests of brevity and to avoid duplicative briefing, Mr. Daley adopts herein those remaining portions of the City Defendants' Joint Motion to Dismiss that challenge as untimely the various counts of plaintiff's Complaint directed against him. Rather than fully restate those

arguments in this brief, Mr. Daley adopts and incorporates herein by reference the remaining arguments and authorities from Sections D.1 through D.5, and D.7, of the City Defendants' Joint Motion to Dismiss Plaintiff's Complaint.

**B.      The Eleventh Amendment Bars Plaintiff's Claims Against Mr. Daley in his Official Capacity as Cook County State's Attorney**

Although Plaintiff alleges that Mr. Daley is sued in his individual capacity, a closer look reveals he is really sued in his official capacity. (Compl. ¶46). Plaintiff expressly alleges Mr. Daley, as State's Attorney, "was responsible for the policies, practices, and customs" of the State's Attorney's Office ("SAO"). (*Id.*) Such allegations expressly invoke his official capacity.

It is well settled that § 1983 claims for damages purportedly asserted against the SAO are barred by the Eleventh Amendment. *See Hernandez v. Joliet Police Department*, 197 F.3d 256, 264-65 (7th Cir. 1999), *citing Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994). By extension, any § 1983 claims against Mr. Daley in his official capacity as Cook County State's Attorney are in reality claims against the SAO. *Garcia,* 24 F.3d at 969. The State's Attorney of Cook County is a state official. *Id.*; *Ingemunson v. Hedges*, 133 Ill. 2d 364, 369, 549 N.E.2d 1269, 1272 (Ill. 1990).

Official capacity suits for money damages against state officials are barred by the Eleventh Amendment absent waiver by the state or a valid congressional override. *Kroll v. Board of Trustees of the University of Illinois*, 934 F.2d 904, 907-08 (7th Cir. 1991). Accordingly, the § 1983 claims directed against Mr. Daley in his official capacity as Cook County State's Attorney are barred by the Eleventh Amendment and should be dismissed with prejudice. The Eleventh Amendment also prohibits federal courts from hearing pendent state claims for damages against state officers who are sued in their official capacities. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106, 104 S. Ct. 900 (1984). Mr. Daley is entitled to Eleventh Amendment immunity from

all claims in this action directed against him in his position as State's Attorney, which should be dismissed with prejudice.

**C.      Plaintiff's Claims Against Former State's Attorney Daley Are Barred by Absolute Prosecutorial Immunity**

A number of plaintiff's assertions against Mr. Daley as former Cook County State's Attorney are broadly based on the alleged suppression of exculpatory information concerning allegations of physical abuse under Burge. Assuming, *arguendo*, that plaintiff's claims against Mr. Daley are timely, and further assuming those claims invoke his individual capacity, they are nevertheless subject to dismissal because of prosecutorial immunity.

First and foremost, the claims against Mr. Daley in his position as Cook County State's Attorney are barred by absolute prosecutorial immunity. Plaintiff's Complaint alleges that the SAO withheld from criminal defendants exculpatory information in its possession regarding the alleged torture of Andrew Wilson and other criminal suspects. (Compl. ¶¶264-265, 267). These claims presumably attempt to articulate a *Brady* violation against the SAO defendants, including Mr. Daley, in connection with plaintiff's criminal proceedings. Taking the allegations as true for purposes of this motion only, the SAO defendants, including Mr. Daley, are entitled to absolute prosecutorial immunity from these alleged *Brady* violations. *Van de Kamp v. Goldstein*, 129 S. Ct. 855 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984 (1976).

A prosecutor is absolutely immune from § 1983 actions alleging the purported suppression of exculpatory evidence. *Imbler*, 424 U.S. at 431. *Imbler* specifically held absolute prosecutorial immunity extends to the knowing use of false testimony and the deliberate suppression of exculpatory evidence. *Id*. at 430-31. In *Briscoe v. LaHue*, 663 F.2d 713 (7th Cir. 1981), the plaintiff claimed several assistant state's attorneys ("ASAs") withheld material evidence and information from him in post-conviction proceedings, so as to deprive him of the opportunity to have a full and

fair hearing on his post-conviction petition. The Seventh Circuit affirmed the dismissal of the claims against the defendant ASAs, concluding that the conduct alleged was "intimately associated with the judicial phase of the criminal process," so that under *Imbler*, "it cannot form the subject of a civil rights claim for damages against [the] prosecutors." 663 F.2d at 721-22 (internal quotation marks omitted).

Prosecutorial immunity equally applies to supervisory prosecutors. In *Van de Kamp*, the Supreme Court confirmed that *Brady* claims such as those asserted by plaintiff, even if based on supervisory responsibilities, are barred by absolute prosecutorial immunity. 129 S. Ct. at 862. *Van de Kamp* explained that it is not enough to simply characterize a prosecutor's involvement as supervisory or administrative; rather, the focus should be on the actual types of activities involved. 129 S. Ct. at 861-62. Prosecutorial activities that require legal knowledge and the exercise of related discretion, whether administrative or supervisory, are afforded absolute immunity. *Id*. at 862. Pertinent to the issues in this case, the *Van de Kamp* court stressed, "It is the interest in protecting the proper functioning of the office, rather than the interest in protecting its occupant, that is of primary importance." *Id.*, *quoting Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

*Van de Kamp* further clarified that absolute immunity extended to supervisory prosecutors where a plaintiff's claims were based on an alleged *Brady* violation involving failure to disclose or provide purportedly exculpatory information. 129 S. Ct. at 862. *Van de Kamp* confirms that trial prosecutors, supervisors, and other assistant state's attorneys not involved in the direct prosecution all would be entitled to absolute immunity from plaintiff's *Brady* claims, since that underlying claim involves an alleged failure to produce evidence during the judicial phase of the criminal process. Mr. Daley is therefore entitled to absolute prosecutorial immunity based on his alleged suppression of information concerning allegations of physical abuse under Burge.

7

Mr. Daley is also entitled to prosecutorial immunity from plaintiff's claim that as State's Attorney, he failed to investigate allegations of police torture under Burge. As articulated in *Wrice*, 187 F.Supp.3d at 949:

> As for Daley's alleged failure to investigate allegations of police torture during his tenure as the State's Attorney for Cook County, Wrice cannot avoid the well-established principle that a prosecutor enjoys absolute immunity for his decision not to investigate a matter, file charges, or otherwise intervene. See *Watson v. Bush*, 2010 WL 1582228, at *5 (N.D. Ill. Apr. 20, 2010) (Dow, J.). Wrice's allegation that Daley was part of a broader conspiracy does not change the conclusion that Daley is entitled to immunity. See *Kitchen*, 781 F.Supp.2d at 734 n.2. Upon learning that detectives working under Burge's command were torturing African American suspects, Daley may have made [a] "wrong call, even a spectacularly wrong call, on whether to launch a prosecutorial investigation, but the established policy does not require a prosecutor to answer in damages for that decision." *Andrews v. Burge*, 660 F.Supp.2d 868, 876 (N.D. Ill. 2009) (Zagel, J.).

Nor does the claim of conspiracy invalidate Mr. Daley's entitlement to absolute immunity. *See, e.g., French v. Corrigan*, 432 F.2d 1211 (7th Cir. 1970) (prosecutors did not lose immunity by reason of alleged conspiracy). And because plaintiff's state law claims against Mr. Daley are based on the same factual allegations contained in the federal claims, he is entitled to absolute immunity on those counts as well. *See, e.g.*, *White v. City of Chicago*, 369 Ill. App. 3d 765, 861 N.E.2d 1083 (1st Dist. 2006); *Andrews v. Burge*, 660 F. Supp. 2d 868, 877 (N.D. Ill. 2009). The allegations of plaintiff's Complaint thus establish the applicability of the absolute immunity defense to former State's Attorney Daley. All the claims in the Complaint directed against Mr. Daley as Cook County State's Attorney should be dismissed.

In *Wrice v. Burge*, 187 F. Supp. 3d 939, the court was presented with the identical claims against Mr. Daley as those made by plaintiff in this case. In *Wrice*, the court held that Mr. Daley was entitled to absolute prosecutorial immunity for alleged actions that included suppression of his knowledge of torture and physical abuse under Burge, blocking CPD's efforts to discipline offending officers, refusal to intervene to stop the misconduct under Burge, and declining to

investigate Dr. Raba's report of the suspected physical abuse of Andrew Wilson. 187 F. Supp. 3d at 948. In *Kitchen*, the court determined that Mr. Daley was "immune from having to disclose the information" that he purportedly learned as a prosecutor about allegations of torture. 781 F. Supp. 2d at 734. For that reason, the same claims against Mr. Daley as Cook County State's Attorney were dismissed from those actions. The same result is appropriate here.

Any attempt to impose vicarious liability on then-State's Attorney Daley as the supervisor of other ASAs should be rejected by this Court. A § 1983 plaintiff cannot rely on the doctrine of *respondeat superior* to hold a supervisory official liable for the constitutional misconduct of a subordinate. *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). Any suggestion Mr. Daley was somehow responsible for the alleged misconduct of other ASAs would be nothing more than a *respondeat superior* claim, which is an impermissible basis upon which to impose § 1983 supervisory liability. *Doyle*; *see also Gordon v. Devine*, 2008 WL 4594354, *9 (N.D. Ill. Oct. 14, 2008) (allegations that ASAs were acting through, acting "under the direction of," and representing the State's Attorney were not sufficient to establish the State's Attorney's personal involvement as required to state a § 1983 claim).

**D.    Plaintiff's Claims Against Mr. Daley as Mayor Should Also be Dismissed**

With respect to the allegations against Mr. Daley as Mayor, plaintiff suggests that Mr. Daley was responsible for the policies, practices, and customs of the City, including the police department and Police Board. (Compl. ¶46). This claim should be rejected as a matter of law. With respect to the CPD and its police officers, the Superintendent of Police has "complete authority to administer the Department … in a manner consistent with the ordinances of the City, the laws of the state, and the rules and regulations of the Police Board." *See* Chicago Municipal Code, Section 2-84-040. Moreover, the legislative body (City Council), and not the executive branch, is the final policymaker for purposes of § 1983 liability. *See Auriemma v. Rice*, 957 F.2d 397, 401 (7th Cir.

9

1992). And as a practical matter, Mr. Daley cannot be considered "responsible" for every single police officer or municipal employee by virtue of the position as Mayor. To allow plaintiff to proceed under such a theory without requiring a showing of Mr. Daley's direct and personal involvement disregards the personal responsibility requirement of § 1983 and would open the floodgates of litigation as to mayors and other municipal officials, past and present.

Plaintiff's Complaint refers to widespread policies, practices, and customs of the CPD. (*See* Compl. ¶346). Such allegations against Mr. Daley as Mayor patently invoke his official capacity. The real party in interest in plaintiff's policy and practice claims is the City, and not Mr. Daley or any of the named municipal officials. *See Chortek v. City of Milwaukee*, 356 F.3d 740, 748 n. 4 (7th Cir. 2004) (suit against police chief deemed to be in his official capacity where no evidence demonstrated he was personally involved in the plaintiff's arrest or the development of the police department initiative under which the plaintiff was arrested). The claim against Mr. Daley as a City official therefore is redundant and unnecessary in light of plaintiff's attempted *Monell* claim against the City. The Seventh Circuit, following *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099 (1985), has determined that suits against city officials such as Mr. Daley in their official capacities are redundant, unnecessary, and should be dismissed when the municipal entity is also a named defendant. *Schmidling v. City of Chicago*, 1 F.3d 494, 495 fn. 1 (7th Cir. 1993). The inclusion of former Mayor Daley in this Complaint therefore is unnecessary.

Assuming, *arguendo*, that the suit is asserted against former Mayor Daley in his individual capacity, he is still entitled to dismissal. Plaintiff's Complaint essentially offers five bases for Mr. Daley's alleged liability as Mayor: remarks discrediting the so-called "Goldston Report" (Compl. ¶293); promoting Police Officer Peter Dignan to lieutenant (*Id.* ¶301); directing City lawyers to continue to defend Jon Burge in civil lawsuits (*Id.* ¶303); failure to direct CPD to investigate Burge

10

(*Id.* ¶281); and concealing information regarding Burge that he learned as State's Attorney (*Id.* ¶¶ 280-81). However, the Complaint lacks factual allegations that plausibly suggest how the 1996 promotion of Officer Dignan, or a decision concerning legal representation of a former police officer in other civil litigation, relate to plaintiff, his conviction, or his imprisonment. Mr. Daley and this Court can only speculate as to the amorphous connection surmised by plaintiff between these alleged "acts" and the claimed violation of his constitutional rights. More to the point, these alleged "actions" do not equate to a violation of *plaintiff's* constitutional rights. These allegations have nothing to do with plaintiff, this lawsuit, his alleged mistreatment by police, his criminal prosecution and conviction, or his ongoing incarceration. Such immaterial allegations simply do not support any of plaintiff's claims in this action.

As for the so-called "Goldston Report" from 1990, there is no plausible basis to conclude plaintiff's appeals or post-conviction proceedings would have been successful earlier if he would have had access to the document in 1990 or 1991, as opposed to 1992 when it was publicly released. (Compl. ¶¶289-90). Moreover, it is pure speculation to suggest Mr. Daley's alleged attempt to "discredit" the report, without more factual enhancement, somehow violated plaintiff's constitutional rights. *See, e.g., Buckley v. Fitzsimmons*, 20 F.3d 789, 798 (7th Cir. 1994), *cert. denied*, 513 U.S. 1085 (1995) (Prosecutor's advocacy and judge's decisions produced the plaintiff's detention, not comments made at a press conference). To survive dismissal, a complaint must assert sufficient facts to state a claim that is "plausible on its face;" the plausibility standard is not the same as probability and requires "more than a sheer possibility" that a defendant has acted improperly. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955 (2007).

Courts have previously analyzed these very same allegations and rejected them as a basis for supporting a claim against Mr. Daley. *Kitchen*, 781 F. Supp. 2d at 734; *Wrice*, 187 F. Supp. 3d at 949. As explained in *Kitchen*:

> [N]o causal connection can be established between these allegations and the alleged violation of [plaintiff's] due process rights. It cannot plausibly be argued that [plaintiff] would have been exonerated if Daley had not promoted Dignan, or if he had not ordered Burge's defense, or if he had not criticized the [Goldston] Report. Indeed, it is difficult to discern any connection between Daley's decisions to promote Dignan or to defend Burge and [plaintiff's] continued imprisonment.

781 F. Supp. 2d at 734; s*ee also Wrice*, 187 F. Supp. 3d at 949-50 (Plaintiff "has not alleged a plausible connection between any of Daley's actions as Mayor and the alleged constitutional deprivations [plaintiff] suffered during that time").

Following the carefully considered guidance of these previous decisions, this Court likewise should reject plaintiff's attempt to base a claim on then-Mayor Daley's alleged continued concealment of information he learned as State's Attorney regarding torture of other suspects. As noted above, Mr. Daley does not lose the protections of prosecutorial immunity simply because he is no longer a prosecutor or because he has accepted a different position of public service. *Wrice*, 187 F. Supp. 3d at 949. These very allegations have been considered and rejected by other courts: "Since Daley was acting as a prosecutor at the time he obtained the information in question, he is immune from having to disclose the information." *Kitchen*, 781 F. Supp. 2d at 734; accord *Wrice*, 187 F. Supp. 3d at 949 ("Daley is entitled prosecutorial immunity for his allegedly ongoing failure [as Mayor] to disclose *Brady* or *Giglio* material relating to police torture that he learned during his tenure as the State's Attorney for Cook County"). As concluded in *Kitchen* and *Wrice*, these allegations provide no plausible basis for a claim against Mr. Daley.

E.      **Plaintiff Cannot State a "Failure to Intervene" Claim Against Mr. Daley**

Plaintiff's claims against Mr. Daley as former Cook County State's Attorney occasionally invoke the concept of "failure to intervene." For example, plaintiff alleges that "[n]either Daley nor any of his top assistants did anything to halt or prevent the torture of the Wilsons." (Compl. ¶244). Typically, a claim for failure to intervene involves the duty of a police officer to intervene to prevent fellow officers from violating a citizen's constitutional rights. *See, e.g., Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). There is no authority for the proposition that a State's Attorney may be held liable under a theory of failure to intervene. To the contrary, courts in this district have concluded the duty to intervene applicable to police officers is not to be imposed on prosecutors. *Gordon*, 2008 WL 4594354, at *17 (Judge Aspen); *Andrews*, 660 F. Supp. 2d at 876, fn. 6 ("Judge Aspen was clearly correct in deciding that the duty to intervene applicable to police officers is not to be imposed on prosecutors"). To the extent the Complaint attempts to impose liability on then-State's Attorney Daley for failure to intervene, it fails as a matter of law.

F.      **Plaintiff's Cannot State a Claim Against Mr. Daley for "Failure to Investigate"**

Nor can plaintiff state a claim against Mr. Daley based on his alleged failure to investigate other torture allegations. *Wrice*, 187 F. Supp. 3d at 949. To the extent plaintiff asserts that Mr. Daley failed to investigate claims of misconduct made by others, those allegations should be rejected. At the risk of repetition, "[a]s for Daley's alleged failure to investigate allegations of police torture during his tenure as the State's Attorney for Cook County, [the plaintiff] cannot avoid the well-established principle that a prosecutor enjoys absolute immunity for his decision not to investigate a matter, file charges, or otherwise intervene." *Id.* The allegation that Mr. Daley as State's Attorney somehow violated plaintiff's constitutional rights by failing to direct the Superintendent of Police to conduct a criminal investigation of the Andrew Wilson allegations (*see* Compl. ¶¶247-52), exemplifies plaintiff's inability to articulate a cognizable claim. The Complaint

does not (and cannot) identify any legal basis that authorizes the Cook County State's Attorney to direct the Superintendent of Police to do anything, let alone institute a criminal investigation.

Plaintiff's attempt to impose liability on Mr. Daley as Mayor based on his alleged failure to direct CPD to investigate Burge and other detectives (*Id*. ¶281) also fails to state a claim for a constitutional deprivation. Plaintiff had no constitutional right to any investigation of police officers or police misconduct involving other suspects, and he had no constitutional right to require the public disclosure of the results of such investigations. There is no constitutional right to an internal investigation of a police department or police misconduct. *Slagel v. Shell Oil Refinery*, 811 F. Supp. 378, 382 (C.D. Ill. 1993), *aff'd* 23 F.3d 410 (1994); *Sneed v. Fox, Eaves, Shaw & Patterson*, 2012 WL 246461, at *3 (N.D. Ill. Jan. 25, 2012); *Webb v. City of Joliet*, 2005 WL 1126555, at *4 (N.D. Ill. May 4, 2005); *Bandari v. City of Chicago*, 2000 WL 89135, at *6 (N.D. Ill. Jan. 20, 2000).

Finally, plaintiff's theory of causation against Mr. Daley underlying both the federal and state law claims is impermissibly speculative. It appears plaintiff's alleged "failure to investigate" claim really amounts to the contention that had former State's Attorney Daley (really, the SAO), or then-Mayor Daley (really, OPS), conducted an investigation into allegations made by individuals other than plaintiff, found sufficient evidence to prove or sustain those allegations, and publicly disclosed the results, somehow *plaintiff's* incarceration would have ended sooner. Such a claim requires this Court to string together far too many speculative inferences and speculative outcomes to reach the proposed conclusion surmised by plaintiff. The claim lacks sufficient factual enhancement to meet *Iqbal's* "plausibility standard." In sum, plaintiff's "failure to investigate" claim against Mr. Daley fails to offer "more than a sheer possibility" that he acted improperly to cause plaintiff's delayed exoneration, warranting its dismissal.

## IV.  CONCLUSION

Plaintiff's Complaint as directed against Mr. Daley should be dismissed in its entirety. The claims are untimely; as an alternative basis for dismissal, the Complaint fails to state claims against Mr. Daley upon which relief can be granted. To the extent the action is asserted against Mr. Daley in his official capacity as State's Attorney of Cook County, the claims are barred by the Eleventh Amendment. Further, all of plaintiff's claims asserted against Mr. Daley in his capacity as State's Attorney are barred by absolute prosecutorial immunity. The Complaint likewise fails to state a plausible claim against Mr. Daley for his alleged actions as Mayor. Finally, plaintiff's claims are impermissibly speculative on the issue of causation. Consistent with the decisions in *Wrice* and *Kitchen*, which involved claims that are identical to those asserted by plaintiff here, Mr. Daley should be dismissed with prejudice from this action.

WHEREFORE, Defendant, Richard M. Daley, respectfully requests that this Honorable Court enter an order dismissing plaintiff's Complaint as directed against him and dismissing him with prejudice from this matter.

Dated: September 30, 2021                          Respectfully submitted,

                                                   By: /s/ Terrence M. Burns
                                                       Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Katherine C. Morrison
Daniel J. Burns
Dhaviella N. Harris
Reiter Burns LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606

*Attorneys for Defendant Richard M. Daley*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **September 30, 2021**, I electronically filed the foregoing **Defendant Richard M. Daley's Motion to Dismiss Plaintiff's Complaint** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

<u>**Attorneys for Plaintiff**</u>
Jonathan I. Loevy
Elliot E. Slosar
Scott R. Rauscher
Loevy & Loevy
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
jon@loevy.com
elliot@loevy.com
scott@loevy.com

G. Flint Taylor, Jr.
Ben H. Elson
People's Law Offices
1180 North Milwaukee Avenue
Chicago, IL 60622
773-235-0070
flint.taylor10@gmail.com
ben@peopleslawoffice.com

<u>**Attorneys for Defendant Cook County**</u>
Kenneth S. Ulrich
Margaret Catherine O'Connor
William K. Walther
Goldberg Kohn Ltd.
Mid-Continental Plaza
55 East Monroe Street #3300
Chicago, IL 60603
312-201-4000
kenneth.ulrich@goldbergkohn.com
margaret.oconnor@goldbergkohn.com
kyle.walther@goldbergkohn.com

<u>**Attorneys for Defendant William Kunkle**</u>
Thomas G. DiCianni
Matthew A. Hurd
Ancel Glink, P.C.
140 S. Dearborn St., 6th Floor

<u>**Attorney for Defendant Lawrence Hyman**</u>
Edward R. Theobald
Law Offices of Edward R. Theobald
Arboretum Lakes
901 Warrenville Road
Suite 175
Lisle, IL 60532
312-346-9246
bears51@aol.com

<u>**Attorney for Defendant Nicholas N. Trutenko**</u>
John Coughlin Coyne
Law Offices of John C. Coyne
53 West Jackson Blvd
Suite 1750
Chicago, IL 60604
312-583-9500
jcc@johnccoynelaw.com

<u>**Attorneys for Defendants Michael Hartnett and Timothy Andrew Horvat**</u>
Terry A. Ekl
Tracy L. Stanker
Ekl, Williams & Provenzale LLC
901 Warrenville Road, #175
Lisle, IL 60532
630-654-0045
tekl@eklwilliams.com
tstanker@eklwilliams.com

<u>**Attorneys for Defendant Thomas McKenna**</u>
Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Jessica Zehner

Chicago, IL 60603
312-782-7606 (DiCianni)
312-604-9146 (Hurd)
tdicianni@ancelglink.com
mhurd@ancelglink.com

Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
312-494-1000
erosen@rfclaw.com
sbenjamin@rfclaw.com
agrill@rfclaw.com
jzehner@rfclaw.com

s/ Terrence M. Burns