IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACKIE WILSON,                                          )
                          Plaintiff,                    )
                                                        )
                          v.                            )        Case No.  21 C 3487
Administrator of the Estate of Former Chicago          )
Police Department Commander Jon Burge, Mayor           )
and former State's Attorney RICHARD DALEY              )
former Chicago Police Department Detective             )
THOMAS MCKENNA, Administrator of the Estate )           Honorable Franklin U. Valderrama
of former Police Department Detective PATRICK )         Judge Presiding
OHARA, Administrator of the Estate of former           )
Chicago Police Department Detective JOHN               )        Jury Trial Demanded
YUCAITIS, former Cook County ASA                       )
LAWRENCE HYMAN, former Cook County ASA )
NICHOLAS TRUTENKO; former Cook County                  )
Court Reporter, MICHAEL HARTNETT, Cook                 )
County Assistant State's Attorney T. ANDREW           )
HORVAT, former Assistant State's Attorney and         )
former Special City of Chicago Corp. Counsel           )
WILLIAM KUNKLE, former jailhouse informant             )
WILLIAM DAVID COLEMAN, aka ALFRED                      )
CLARKSON; Administrator of Estate of former            )
Chicago Police Dept. Superintendent LEROY              )
MARTIN; former Chicago Police Department               )
Superintendent TERRY HILLARD; former OPS               )
Director GAYLE SHINES; former aide to the              )
Chicago Police Department Superintendent,              )
THOMAS NEEDHAM; CITY OF CHICAGO,                       )
and COOK COUNTY, ILLINOIS,                             )
                                                        )
                          Defendants.                  )

**DEFENDANT LAWRENCE HYMAN'S MOTION TO EXTEND THE TIME TO
SUBMIT THE JOINT INITIAL STATUS REPORT AND STAY DISCOVERY UNTIL
AFTER THIS COURT RULES ON DEFENDANTS' MOTIONS TO DISMISS
PLAINTIFF'S COMPLAINT AND UNTIL COOK COUNTY DELIVERS TO COURT
APPOINTED SPECIAL STATE'S ATTORNEYS UN-REDACTED AND UN-FILTERED
FILES REGARDING JACKIE WILSON – OPPOSED BY PLAINTIFF**

Now comes Defendant LAWRENCE HYMAN by his attorney, Edward R. Theobald, and moves this Honorable Court to extend the time to submit the Joint Initial Status Report and defer initiation of discovery until after this Court rules on Defendants' Motions to Dismiss Plaintiff's complaint *and* after Cook County produces to the Cook County Defendants and to each of their attorneys, duly Court appointed Special Cook County State's Attorneys, the complete files for the prosecutions of Plaintiff Jackie Wilson – unredacted and un-filtered, and in support thereof, Defendant states:

### A. Extending Due Dates for Discovery is Warranted as Defendants' Motions to Dismiss Conceivably Could Eliminate Many, if Not All of Plaintiff's Claims

1. Plaintiff's 67 page, 375 paragraph complaint filed on June 30, 2021, covers forty (40) years from February 9, 1982, the day Chicago police officers William Fahey and Richard O'Brien were gunned down in cold blood, through 2021 and seeks damages against 17 Defendants, many who never spoke or met each other during the past 40 years and seeks to present claims allegedly made by no less than 75 other individuals of alleged abuse of the Chicago police department.  (R.1)

2. All Defendants including all "Cook County" defendants filed motions to dismiss Plaintiff's Complaint with the last motion filed on October 7, 2021, and with no response yet filed by Plaintiff; to wit: Defendant Cook County (R.42), Defendant former Assistant State's Attorney ("ASA") Nicholas Trutenko (R.47), Defendant former ASA T. Andrew Horvat (R.58), Defendant former court reporter Michael Hartnett (R.59), Defendant former State's Attorney of Cook County and Mayor of Chicago Richard M. Daley (R.69), Defendant former ASA Supervisor of Felony Review Lawrence H. Hyman (R.72), Defendant former Chief Deputy State's Attorney William J. Kunkle (R.74), Defendants City of Chicago, Thomas Needham, Terry Hillard, Gayle Shines and Thomas McKenna (R.75).  Plaintiff's Responses to Defendants'

Motions to Dismiss are due December 1, 2021, and Defendants' replies in support of their respective motions are due December 15, 2021. (R.79)

3. As a result of the motions to dismiss filed by Defendants, this Court has previously extended the deadline for the Joint Initial Status Report and discovery schedule on prior occasions, **sua sponte**. *See* Order of August 15, 2021 extending the deadline to October 1, 2021 (R.40); See Order of September 24, 2021 extending the time until November 22, 2021, (R.63) after Defendants and former ASAs Trutenko and Horvat and court reporter Hartnett's filed motions to dismiss, but before Defendant Richard M. Daley (R.69), Defendant Lawrence Hyman (R.72), Defendant Chief Deputy State's Attorney William Kunkle (R.74), Defendants City of Chicago, Thomas Needham, Terry Hillard, Gayle Shines and Thomas McKenna filed their respective motions to dismiss.

4. Defendants' motions to dismiss raise dispositive legal issues or at the very least will reduce the issues before the Court conserving both the parties' and the Court's resources by obviating a need to litigate the scope of potentially unnecessary discovery regarding all events and circumstances from 1982 until 2021. *See Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (affirming district court's decision to stay discovery pending resolution of threshold qualified immunity issue on motions to dismiss). *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from …. disruptive discovery.")(citations and quotations omitted).

5. Courts generally consider three factors in deciding whether to stay proceedings: (i) whether a stay will simplify the issues in question; (ii) whether a stay will reduce the burden of litigation on the parties and on the court; and (iii) whether a stay is unduly prejudicial to the

non-moving party. *Leung v. XPO Logistics, Inc.*, 2015 U.S. Dist. Lexis 184207, 2015 WL 12826472, at *1 (N.D. Ill. Aug. 12, 2015).

6.     Plaintiff is not prejudiced by initiating discovery after this Court rules on the fully briefed Defendants' Motions to Dismiss which should be completed by December 15, 2021. There is no emergency and Plaintiff is no longer incarcerated and is not requesting immediate relief.  In fact, Plaintiff and his many attorneys, unlike the Defendants' attorneys, have already conducted very "extensive" discovery during the past 40 years on all issues raised in Plaintiff's complaint during multiple trials and appeals as recently as last year.  Furthermore, all Defendants are either deceased or no longer employed by Cook County or the City of Chicago.

7.     Allowing discovery to continue while Defendants' motions to dismiss are pending would be unduly costly to Defendants, and ultimately to the taxpayers of Chicago and Cook County paying for the defense of the seventeen (17) defendants.  A delay of a few weeks to eliminate some or all of the multitude of claims would conserve the parties' resources, limit the taxpayer expenditures on potentially costly discovery and reduce the burden of litigation on the Court.  *Donets v. Vivid Seats LLC*, No. 20-cv-03551, 2020 U.S. Dist. Lexis 238106, at *8 (N.D. Ill. Dec. 15, 2020, J. Valderrama); *Pfizer, Inc. v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).

8.     When Defendants raise qualified immunity, as here, there is a preference toward staying discovery pending resolution of *qualified immunity* "at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("[T]he driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials [will] be resolved prior to discovery.") (internal quotation marks and citation omitted).

9.    Postponing the Joint Status Report and discovery schedule for a few weeks to finish briefing and to afford the Court time to consider Defendants' motions will promote efficient use of the parties' and the court's resources and avoid unnecessary discovery expense wasted on potentially dismissed claims.

10.    Since there are 17 Defendants spread out across nearly 40 years, it is premature to enter any orders regarding discovery deadlines or completion dates when the parties are not yet at issue, particularly here, where there is no succinct claim against all or even multiple parties. Instead, Plaintiff's complaint as currently drafted is filled with dis-jointed allegations spanning four decades and naming defendants who never worked together or even knew each other. *American Ins. v. Meyer Steel Drum,* 1990 U.S. Dist. Lexis 7850 at *5-6 (J. Holderman N.D. Ill. June 27, 1990).

11.    Additionally, Defendants' Motions have raised multiple statute of limitations arguments. Thus, a ruling on Defendants' motions regarding the statute of limitations would affect the disposition and discovery of this case. *Cf. Donets v. Vivid Seats*, LLC, 20-cv-3551, R. 27, 2020 U.S. Dist. LEXIS 238106 (N.D. Ill. J. Valderrama, Dec. 12, 2020) (granting stay where the decision by the Illinois Appellate Court [on BIPA] could control the [c]ourt's resolution of the timeliness issue and guide the parties positions as they proceed with litigation.").

**B.    The Cook County Defendants Need Access to Cook County's Files to Litigate, Defend and Answer Plaintiff's Complaint**

12.    Further justification for a stay is warranted with both Cook County's and the Cook County State's Attorney's substantial and continued interference with the orderly preparation of defenses for the "County Defendants" by refusing to produce records in the State's Attorney's possession and control to Defendants herein.  While the current State's Attorney claims she is "**conflicted**" from representing any Defendant in this case, the State's

5

Attorney also claims that files regarding Jackie Wilson cannot be produced to Defendants' attorneys, Special State's Attorneys, until the records are *apparently* cleansed or redacted or partially withheld.  However, see Rule 1.16 of the Illinois Code of Professional Responsibility for attorneys requiring the prompt transfer or production of files and documents to successor counsel - unfiltered.

13.     These files pertain to Cook County's previous multiple prosecutions of Plaintiff Jackie Wilson since 1982 and are needed by the duly appointed Special State's Attorneys each appointed by the Circuit Court of Cook County to defend Defendants former Assistant State's Attorneys Lawrence Hyman, Nicholas N. Trutenko and Timothy Horvat, and former Chief Deputy State's Attorney William J. Kunkle and Cook County State's Attorney Richard M. Daley before this Court. *See* Exhibit A.

14.     Shortly after being appointed a Special State's Attorney to represent Defendant, former Assistant State's Attorney Hyman, on July 21, 2021, the undersigned counsel requested the files in the possession of the Cook County State's Attorney Kim Foxx pertaining to the prosecutions of the Plaintiff Jackie Wilson from the Deputy Chief of the Civil Division of the Cook County State's Attorney's Office.  Whereupon the Deputy Chief State's Attorney represented and referred Defendant Hyman's attorney to Kenneth Ulrich of Goldberg Kohn Ltd., attorney for Cook County herein, stating that Mr. Ulrich would produce whatever files or records are needed by the appointed Special State's Attorneys to defend the former Cook County employees before this Court in the instant case.  However, Kenneth Ulrich has not produced a single piece of paper.  Mr. Ulrich's firm Goldberg Kohn Ltd., attorney for Cook County on **September 10, 2021,** wrote to the Court appointed Special State's Attorneys stating:

> **"As you know, we represent the County in the above-referenced matter. The County has received requests for the files from the underlying trials in this**

**case. Anticipating that each of you will likely want these files, we think it would be most efficient to schedule a time for a brief call regarding the procedure for obtaining these materials**." *See* Exhibit B.

15.     Notwithstanding the State's Attorney Foxx's promises to produce the files needed by the duly appointed Special State's Attorneys to represent the Cook County Defendants, after four (4) months and wasteful conference calls, Mr. Ulrich and State's Attorney Foxx have not produced a single piece of paper to former Cook County employees and Defendants former Chief Deputy State's Attorney William Kunkle, former Cook County State's Attorney Richard M. Daley, Hyman, Horvat, Hartnett and Trutenko which are absolutely vital to prepare a defense to Plaintiff Jackie Wilson's 67 page, 375 paragraph complaint covering thirty-nine (39) years from February 9, 1982 to 2021.

16.     Mr. Hyman and his co-defendant Cook County defendants need and are entitled to all copies of the un-redacted, un-filtered and un-cleansed records regarding everything concerning Jackie Wilson in possession of Cook County State's Attorney Foxx. *See* Rule 1.16 of the Illinois Code of Professional Responsibility.

17.     Thus, this Court should grant a stay of discovery and extend the time to submit the Joint Status Report until after this Court has had an opportunity to narrow the issues in this case and order that Cook County, via the Cook County State's Attorney's Office, produce to Defendant Lawrence Hyman's attorney and the other attorneys representing the Cook County Defendants the necessary files withheld for four (4) months, instanter.

### C.   Defendant Lawrence Hyman's Compliance with LR37.2

18.     On Monday, November 15, 2021, Edward Theobald, attorney for Defendant Lawrence Hyman, personally called Elliot Slosar, one of the lead attorneys on this case for Plaintiff, to discuss all of the above and specifically an extension of time to submit any discovery plan due to

State's Attorney Foxx's failure or refusal to produce complete unedited or unredacted files regarding the prosecutions of plaintiff Jackie Wilson since 1982. Up until Mr. Theobald's telephone call to Mr. Slosar on November 15, 2021, Defendant Lawrence Hyman is not aware of any of the parties previously conferring regarding a discovery plan. At the conclusion of the conversation, Mr. Slosar promised to call Mr. Theobald back with plaintiff's response.

19.     However, Mr. Slosar did not return Mr. Theobald's telephone call last week and instead emailed Plaintiff's version of the status report without enough time for the parties to meet and confer. Thus, after personal consultation and good faith attempts by Defendant Lawrence Hyman's attorney to reach an accord and resolve any differences, Defendant Lawrence Hyman and Plaintiff have been unable to reach an accord on continuing the time to file a discovery plan.

### D.     Defendant Lawrence Hyman's Instant Motion

18.     On Friday, November 19, 2021, Edward R. Theobald emailed all counsel requesting input whether any party objected to this motion. The only response objecting to Defendant Hyman's motion was from Scott Rauscher, one of Plaintiff's attorneys, stating that "plaintiff opposes delaying the start of discovery." *See* Exhibit C attached hereto.

19.     Mr. Rauscher's inappropriate and intrusive statement also requesting State's Attorney Foxx's files confuses State's Attorney Foxx obligations under Rule 1.16 of the Illinois Code of Professional Responsibility to transfer the complete file to successor counsel with yet to be made written discovery requests of the Plaintiff Jackie Wilson under Rule 26 of the Fed.R.Civ.P. Without reviewing the records withheld by State's Attorney Foxx or David Ulrich, attorney for Cook County, it is not possible to know whether there are irrelevant, prejudicial, privileged or confidential medical records of the murdered Chicago Police Officers William Fahey and Richard O'Brien and addresses of the officer's families and so on, in

possession of State's Attorney Foxx or Mr. Ulrich, attorney for Cook County that need to be reviewed by Defendants counsels herein. Therefore, Defendant Lawrence Hyman is definitely not requesting that the State's Attorney's records regarding Plaintiff Jackie Wilson withheld from the "County Defendants" be delivered to anyone other than the proper defendants under Rule 1.16 of the Illinois Code of Professional Responsibility, and who have a duly appointed Special Cook County State's Attorney representing them; to wit: Defendants former Chief Deputy State's Attorney William Kunkle, former Cook County State's Attorney Richard M. Daley, former Assistant State's Attorneys Hyman, Horvat, and Trutenko and County Court Reporter Hartnett.

Without the unredacted or uncleansed files of State's Attorney Kim Foxx and Cook County regarding Plaintiff Jackie Wilson, Defendant Lawrence Hyman is unable to make full disclosure under Federal Rule 26 of the Federal Rule of Civil Procedure or agree to when appropriate disclosure can be made.

Wherefore, Defendant and former Assistant State's Attorney LAWRENCE HYMAN moves this Honorable Court to enter an order to staying discovery and staying the time to submit the Joint Initial Status Report until after this Court rules on Defendants' Motions to Dismiss Plaintiff's complaint and order Cook County and Cook County State's Attorney Kim Foxx to immediately produce all files unredacted and unfiltered regarding the prosecution of Jackie Wilson since 1982 to attorneys for Defendant and former Assistant State's Attorney Lawrence Hyman, Defendant and former Assistant State's Attorney Nicholas Trutenko, Defendant and former Assistant State's Attorney Andrew Horvat, Defendant former County official court reporter Michael Hartnett, Defendant and former State's Attorney Richard M. Daley and Defendant and former Chief Deputy State's Attorney William J. Kunkle, instanter.

Respectfully submitted,
LAWRENCE HYMAN, Defendant

Dated: November 22, 2021   By:   /S/Edward R. Theobald
Edward R. Theobald, attorney for LAWRENCE HYMAN

Edward R. Theobald
Law Offices of Edward R. Theobald
Attorney for Defendant Lawrence Hyman
Arboretum Lakes – 901 Warrenville Road, Suite 175
Lisle, IL 60532
(312) 346-9246
Bears51@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, I electronically filed the foregoing with the

Clerk of the Court for the United States Court for the Northern District of Illinois by using

the CM/ECF system. I certify that service will be accomplished by the CM/ECF system.

/S/ Edward R. Theobald
Edward R. Theobald
Law Offices of Edward R. Theobald
Arboretum Lakes – 901 Warrenville Road, Suite 175
Lisle, IL 60532
(312) 346-9246
Bears51@aol.com

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

IN RE PETITION FOR     )
APPOINTMENT OF A      )  No. 21 CH 03561
SPECIAL STATE'S ATTORNEY   )

## ORDER

  **THIS CAUSE COMING TO BE HEARD** on State's Attorney Kimberly M. Foxx's Petition for Appointment of Special State's Attorneys, the Court being fully advised in the premises finds that conflicts of interest exist that preclude the Cook County State's Attorney's Office from representing the individuals identified below as defendants in this matter, as set forth in the Petition For Appointment, and thus, **IT IS HEREBY ORDERED THAT:**

  1.  The Petition is GRANTED. The following attorneys are hereby appointed as Special State's Attorneys of Cook County, Illinois, for the purpose of representing the following individuals as defendants in the matter of *Wilson v. Trutenko, et al.*, 21 C 3487, subject to the Cook County Guidelines for Special State's Attorneys:

    a. John C. Coyne of the Law Offices of John C. Coyne for the purpose of representing former Assistant State's Attorney Nicholas Trutenko, retroactive to July 15, 2021;

    b. Edward R. Theobald of the Law Offices of Edward R. Theobald for the purpose of representing former Assistant State's Attorney Lawrence Hyman, retroactive to July 8, 2021;

    c. Thomas G. DiCianni and Matthew A. Hurd of Ancel Glink, P.C. for the purposes of representing former Assistant State's Attorney William Kunkle, retroactive to July 15, 2021;

    d. Terry A. Ekl and Tracy Stanker of Ekl, Williams & Provenzale, LLC for the purposes of representing former State's Attorney's Office Court Reporter William Hartnett and former Assistant State's Attorney T. Andrew Horvat, retroactive to July 15, 2021;

  2.  The Special State's Attorneys appointed herein shall possess the power and duties of the State's Attorney in discharging this appointment;

  3.  The Special State's Attorneys agree to comply with the terms of the Cook County Guidelines for Special State's Attorneys;

  4.  At the request of the Cook County State's Attorney's Office, this court expressly directs a billing rate of $185 per hour for each of the attorneys herein appointed;

  5.  Requests for compensation shall be submitted for review to the presiding judge hearing this petition with notice to the Cook County State's Attorney;

  6.  This court shall retain jurisdiction of this appointment until such time as this appointment is terminated, whether by this court's own motion or a motion made by either the State's Attorney or the Special State's Attorneys;

Page 1 of 2



7.    The initial case management date of November 18, 2021 at 9:45am shall stand.

Dated: July 28, 2021

Judge Cella G. Gamrath

JUL 28 2021

Circuit Court - 2031

_____
Hon. Celia G. Gamrath
Circuit Court of Cook County

**ATTORNEY NO. 10295**
**KIMBERLY M. FOXX**
**STATE'S ATTORNEY OF COOK COUNTY**
| | |
|---|---|
| **Name** | **Silvia Mercado Masters** |
| **Address** | **500 Richard J. Daley Center** |
| **City** | **Chicago, Illinois 60602** |
| **Telephone** | **(312) 603-7795** |

Subject:    **RE: Wilson v. Estate of Jon Burge et al. -- Scheduling a Call re File Production**
Date:       9/10/2021 4:09:28 PM Central Standard Time
From:       Margaret.OConnor@goldbergkohn.com
To:         bears51@aol.com

Terry and Thomas, are you available in either of the 9/14 or 9/15 slots?

- ~~Monday 9/13 – afternoon~~
- Tuesday 9/14 – any time after 10 a.m. (works for Ed, John)
- Wednesday 9/15 – 12 p.m.-2 p.m. (works for Ed, John)
- ~~Thursday 9/16 – any time other than 2-3 p.m.~~

Margaret C. O'Connor | **Goldberg Kohn Ltd.** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | mobile: 847.970.2507 | direct: 312.201.3912 | direct fax: 312.863.7412 | Margaret.OConnor@goldbergkohn.com | www.goldbergkohn.com |

**From:** Edward Theobald <bears51@aol.com>
**Sent:** Friday, September 10, 2021 4:07 PM
**To:** OConnor, Margaret <Margaret.OConnor@goldbergkohn.com>
**Subject:** Re: Wilson v. Estate of Jon Burge et al. -- Scheduling a Call re File Production

Yes. On Thursday, 9/16 anytime from Noon and thereafter.

Ed Theobald

In a message dated 9/10/2021 4:02:50 PM Central Standard Time, Margaret.OConnor@goldbergkohn.com writes:

> Terry, are you available in the afternoon on Thursday 9/16?
>
> Margaret C. O'Connor | **Goldberg Kohn Ltd.** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | mobile: 847.970.2507 | direct: 312.201.3912 | direct fax: 312.863.7412 | Margaret.OConnor@goldbergkohn.com | https://protect-us.mimecast.com/s/mIPbCQWN0RcXgD7Oux2A9k?domain=goldbergkohn.com |



**From:** Edward Theobald <bears51@aol.com>
**Sent:** Friday, September 10, 2021 3:46 PM
**To:** OConnor, Margaret <Margaret.OConnor@goldbergkohn.com>; tekl@eklwilliams.com; tdicianni@ancelglink.com
**Cc:** tburns@reiterburns.com; mhurd@ancelglink.com; jcc@johnccoynelaw.com; Ulrich, Kenneth <Kenneth.Ulrich@goldbergkohn.com>
**Subject:** Re: Wilson v. Estate of Jon Burge et al. -- Scheduling a Call re File Production

Margaret,

I cannot appear at 10:30 am on 9/16 Thursday.  PM on Thursday is OK.

Monday, 9/13 is **no good for us**.

The times requested on Tuesday, 9/14 after 10:00 am and Wednesday, 9/15 before 2:00 pm OK.

Ed Theobald, for Lawrence Hyman.

Law Offices of Edward R. Theobald

901 Warrenville Road

Suite 175

Lisle, IL 60532

Bears51@aol.com

(312) 346-9246

In a message dated 9/10/2021 3:35:20 PM Central Standard Time, Margaret.OConnor@goldbergkohn.com writes:

Thanks, Terry and Thomas.  For those who have not yet responded, please let us know by COB today if you have a conflict with 10:30 a.m. on Thursday 9/16.  I plan to send an invite/dial-in tonight unless I hear otherwise.

Margaret C. O'Connor | **Goldberg Kohn Ltd.** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 |
mobile: 847.970.2507 | direct: 312.201.3912 | direct fax: 312.863.7412 |
Margaret.OConnor@goldbergkohn.com | https://protect-
us.mimecast.com/s/mIPbCQWN0RcXgD7Oux2A9k?domain=goldbergkohn.com |

---

**From:** Terry Ekl <tekl@eklwilliams.com>
**Sent:** Friday, September 10, 2021 3:08 PM
**To:** DiCianni, Thomas <tdicianni@ancelglink.com>
**Cc:** OConnor, Margaret <Margaret.OConnor@goldbergkohn.com>; tburns@reiterburns.com;
Bears51@aol.com; Hurd, Matthew <mhurd@ancelglink.com>; jcc@johnccoynelaw.com;
Ulrich, Kenneth <Kenneth.Ulrich@goldbergkohn.com>
**Subject:** Re: Wilson v. Estate of Jon Burge et al. -- Scheduling a Call re File Production

The best time for me on the 16th would be around 10:30.

Sent from my iPad

> On Sep 10, 2021, at 3:58 PM, DiCianni, Thomas <tdicianni@ancelglink.com>
> wrote:

I would request any time on Thursday 9-16.

Thomas G. DiCianni, Partner

140 South Dearborn Street, 6th Floor
Chicago, IL 60603
Direct Dial: 312.604.9107
Telephone: 312.782.7606
Fax: 312.782.0943
TDicianni@ancelglink.com
http://www.ancelglink.com

---

**From:** OConnor, Margaret <Margaret.OConnor@goldbergkohn.com>
**Sent:** Thursday, September 9, 2021 4:39 PM
**To:** 'tekl@eklwilliams.com' <tekl@eklwilliams.com>; 'tburns@reiterburns.com'
<tburns@reiterburns.com>; 'bears51@aol.com' <bears51@aol.com>; DiCianni,
Thomas <TDicianni@ancelglink.com>; Hurd, Matthew <mhurd@ancelglink.com>;
'jcc@johnccoynelaw.com' <jcc@johnccoynelaw.com>
**Cc:** Ulrich, Kenneth <Kenneth.Ulrich@goldbergkohn.com>
**Subject:** Wilson v. Estate of Jon Burge et al. -- Scheduling a Call re File Production

[EXTERNAL EMAIL]  Use Caution when opening attachments or links from unknown senders.

Good afternoon:

As you know, we represent the County in the above-referenced matter.  The County has received requests for the files from the underlying trials in this case. Anticipating that each of you will likely want these files, we think it would be most efficient to schedule a time for a brief call regarding the procedure for obtaining these materials.

Please let us know of your availability during the following times:

- Monday 9/13 – afternoon
- Tuesday 9/14 – any time after 10 a.m.
- Wednesday 9/15 – any time before 2 p.m.
- Thursday 9/16 – any time other than 2-3 p.m.

Regards,

Margaret

---

Margaret C. O'Connor | **Goldberg Kohn Ltd.** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | mobile: 847.970.2507 | direct: 312.201.3912 | direct fax: 312.863.7412 | Margaret.OConnor@goldbergkohn.com | https://protect-us.mimecast.com/s/mIPbCQWN0RcXgD7Oux2A9k?domain=goldbergkohn.com |

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**.

**From:** Scott Rauscher <scott@loevy.com>
**Date:** November 19, 2021 at 1:56:13 PM CST
**To:** bears51@aol.com
**Cc:** Elliot Slosar <elliot@loevy.com>, agrill@rfclaw.com, cassandra-dellamano-3866@ecf.pacerpro.com, dburns@reiterburns.com, dharris@reiterburns.com, dhincks@ancelglink.com, diane-ostaszewski-0080@ecf.pacerpro.com, diane.ostaszewski@goldbergkohn.com, dneville@reiterburns.com, dnoland@reiterburns.com, elopez@rfclaw.com, "Eileen E. Rosen" <erosen@rfclaw.com>, hbarhorst@reiterburns.com, jcc@johnccoynelaw.com, jdibenedetto@eklwilliams.com, jzehner@rfclaw.com, kenneth.ulrich@goldbergkohn.com, kfricker@eklwilliams.com, Kara Hutson <khutson@rfclaw.com>, kmorrison@reiterburns.com, kyle.walther@goldbergkohn.com, "OConnor, Margaret" <Margaret.OConnor@goldbergkohn.com>, mavitia@reiterburns.com, "Hurd, Matthew" <mhurd@ancelglink.com>, mnash@eklwilliams.com, pandersen423@sbcglobal.net, par423@yahoo.com, pmichalik@reiterburns.com, rose.petertil@goldbergkohn.com, sbenjamin@rfclaw.com, sstabrawa@ancelglink.com, tburns@reiterburns.com, "DiCianni, Thomas" <TDicianni@ancelglink.com>, Terry Ekl <tekl@eklwilliams.com>, tstanker@eklwilliams.com, ben@peopleslawoffice.com, Molly Campbell <campbell@loevy.com>, flint.taylor10@gmail.com, Melinda Ek <melinda@loevy.com>
**Subject: Re: Wilson v. City of Chicago, et al: Proposed Joint Status Report**


Ed,

There's a court order that requires the parties to submit a joint status report on Monday, so the parties are not in a position to agree or not agree among themselves about whether filing that report is appropriate. If your client wants to argue that discovery should be stayed, feel free to add your position to the joint status report. In the alternative, we will file the status report as required and note that your client opted out.

To answer your question, plaintiff opposes delaying the start of discovery.



We do not oppose the SAO turning over complete files to the defendants or the plaintiff, and we think that should happen promptly.

Scott
--
Scott Rauscher
Loevy & Loevy
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
O: 312.243.5900
F: 312.243.5902

On Fri, Nov 19, 2021 at 11:51 AM <bears51@aol.com> wrote:

Counsel,

Defendant Lawrence Hyman does not agree that the parties should submit a Joint Status Report and discovery schedule prior to the Court's rulings on the Defendants' motions to dismiss. Defendant Lawrence Hyman intends to file a formal motion on Monday, November 22, 2021 seeking the following relief: staying discovery and staying the time to submit the Joint Initial Status Report until after the Court rules on Defendants' Motions to Dismiss Plaintiff's complaint and order Cook County and Cook County State's Attorney Kim Foxx to immediately produce all files unredacted and unfiltered regarding the prosecution of Jackie Wilson since 1982 to attorneys for Defendant Lawrence Hyman, Defendant Nicholas Trutenko, Defendant Andrew Horvat, Defendant Michael Hartnett, Defendant Richard M. Daley and Defendant William J. Kunkle, instanter.

Please advise me whether you object to Defendant Hyman's motion.

Ed Theobald

Edward R. Theobald
Law Offices of Edward R. Theobald
Arboretum Lakes - 901 Warrenville Road
Suite 175
Lisle, IL 60532
Bears51@aol.com
312-346-9246

The information contained in this communication is confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message or any copy of it from your computer system. Thank you

**From:** Elliot Slosar <elliot@loevy.com>
**Sent:** Wednesday, November 17, 2021 10:32 AM
**To:** agrill@rfclaw.com; Edward R. Theobald <bears51@aol.com>; cassandra-dellamano-3866@ecf.pacerpro.com; dburns@reiterburns.com; dharris@reiterburns.com; dhincks@ancelglink.com; diane-ostaszewski-0080@ecf.pacerpro.com; diane.ostaszewski@goldbergkohn.com; dlavezzi@msn.com; dneville@reiterburns.com; dnoland@reiterburns.com; elopez@rfclaw.com; Eileen E. Rosen <ERosen@rfclaw.com>; hbarhorst@reiterburns.com; jcc@johnccoynelaw.com; jdibenedetto@eklwilliams.com; jzehner@rfclaw.com; Kenneth.Ulrich@goldbergkohn.com; kfricker@eklwilliams.com; Kara Hutson <khutson@rfclaw.com>; kmorrison@reiterburns.com; kyle.walther@goldbergkohn.com; OConnor, Margaret <Margaret.OConnor@goldbergkohn.com>; mavitia@reiterburns.com; Hurd, Matthew <mhurd@ancelglink.com>; mnash@eklwilliams.com; pandersen423@sbcglobal.net; par423@yahoo.com; pmichalik@reiterburns.com; rose.petertil@goldbergkohn.com; SBenjamin@rfclaw.com; sstabrawa@ancelglink.com; tburns@reiterburns.com; DiCianni, Thomas <tdicianni@ancelglink.com>; Terry Ekl <tekl@eklwilliams.com>; tstanker@eklwilliams.com
**Cc:** ben@peopleslawoffice.com; Molly Campbell <campbell@loevy.com>; flint.taylor10@gmail.com; Melinda Ek <melinda@loevy.com>; Rauscher, Scott <scott@loevy.com>
**Subject:** Re: Wilson v. City of Chicago, et al: Proposed Joint Status Report

Counsel,

The deadline for the Joint Status Report is Monday, November 22, 2021.  Dckt. No. 63.  Attached is a draft that we put together.  Please review and incorporate any varying positions where necessary in track form.

Thank you, as always, for your continued cooperation in this matter.


Elliot


On Fri, Sep 10, 2021 at 6:41 AM Elliot Slosar <elliot@loevy.com> wrote:

Counsel,


Earlier this morning, Ed Theobald reminded me that the Court extended the due date for the status report when granting Mr. Kunkle an extension.  Dckt. No. 40.  Ed, thank you for pointing that out.  With the flurry of extensions in this case, I missed that the status report was extended to October 1, 2021 in the process.


Given that development, it appears that we have a few weeks to get this on file.  With the number of parties and counsel involved, this process could still take some time.  Because of that, I'd ask that Defendants provide their thoughts on the proposed joint status report by next Friday, September 17, 2021.  That should afford the parties enough time to confer regarding any issues that arise before the filing deadline.


Finally, there were a few minor tweaks that we made to the proposed joint status report.  I have incorporated those in redline within the attached document (version 2).  Please use this version for any edits and/or comments.


Thank you, as always, for your continued cooperation in this matter.


Elliot


On Thu, Sep 9, 2021 at 4:30 PM Elliot Slosar <elliot@loevy.com> wrote:

Counsel,

Attached please find a proposed joint status report.  This report is due on Monday, September 13, 2021 pursuant to the Court's prior order.

Please let us know your thoughts on the proposed report and make any changes in track form so that we can keep track of things.

Best,

Elliot

--

Elliot Slosar

Loevy & Loevy

311 N. Aberdeen Street, 3rd Floor

Chicago, Illinois 60607

Ph:  (312) 243-5900

Fax:  (312) 243-5902

--

Elliot Slosar

Loevy & Loevy

311 N. Aberdeen Street, 3rd Floor

Chicago, Illinois 60607

Ph:  (312) 243-5900

Fax:  (312) 243-5902

--

Elliot Slosar

Loevy & Loevy

311 N. Aberdeen Street, 3rd Floor

Chicago, Illinois 60607

Ph:  (312) 243-5900

Fax:  (312) 243-5902