**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JACKIE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-03487 |
| | ) | |
| CITY OF CHICAGO, *et al.* | ) | Hon. Franklin U. Valderrama |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PROPOSED INTERVENOR—COOK COUNTY STATE'S ATTORNEY'S OFFICE—
MOTION TO INTERVENE**

Cook County State's Attorney's Office (CCSAO) moves under Rule 24(b) of the Federal Rules of Civil Procedure to intervene for the limited purpose of opposing Defendant Lawrence Hyman's "Motion to Extend the Time to Submit the Joint Initial Status Report and Stay Discovery Until After This Court Rules on Defendants' Motion to Dismiss Plaintiff's Complaint and Until Cook County Delivers to Court Appointed Special State's Attorneys Un-Redacted and Un-Filtered Files Regarding Jackie Wilson." Def. Mot., Dkt. 82. Proposed Intervenor CCSAO has contemporaneously filed a memorandum setting forth the grounds for this Motion. For the reasons set forth in its supporting memorandum, the CCSAO respectfully requests that this Court grant its motion.

Date: December 2, 2021

Respectfully submitted,

By: /s/ *Sean O'Callaghan*

Sean O'Callaghan
Peter O'Mara
**O'Mara & O'Callaghan, LLC**
230 W. Monroe Street

Suite 2620
Chicago, IL 60606
*Counsel for the Cook County State's*
*Attorney's Office*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-03487 |
| | ) | |
| CITY OF CHICAGO, *et al.* | ) | Hon. Franklin U. Valderrama |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROPOSED INTERVENOR—COOK COUNTY STATE'S ATTORNEY'S OFFICE—MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE

Proposed Intervenor—the Cook County State's Attorney's Office—by and through its undersigned attorneys, moves to intervene under Federal Rule of Civil Procedure 24(b)(1)(B) for the limited purpose of opposing Defendant Lawrence Hyman's motion to stay discovery which includes, among its prayers for relief, the improper request that this Court "order Cook County and Cook County State's Attorney Kim Foxx to immediately produce all files unredacted and unfiltered regarding the prosecution of Jackie Wilson since 1982 to attorney for Defendant and former Assistant State's Attorney Lawrence Hyman [ ]." Def. Mot., Dkt.82, p.9.

The relief Defendant has requested is improper because (1) it circumvents federal discovery rules, and (2) it misstates both the scope of Hyman's counsel's appointment as a Special State's Attorney, pursuant to 55 ILCS 5/3-9008 and the application of Illinois Rule of Professional Conduct 1.16. For the following reasons, the Cook County State's Attorney's Office requests this Court deny those portions of Defendant's motion that apply to the State's Attorney's Office.

**ARGUMENT**

**I.    The Cook County State's Attorney's Office Should be Allowed to Intervene Because Defendant's Motion Improperly Requests this Court to Enter an Order Affecting the State's Attorney's Office.**

The Cook County State's Attorney's Office (CCSAO) is not a party to this lawsuit. While several former Assistant State's Attorneys (ASAs) and Cook County itself are named defendants, the CCSAO is simply a third party. As a third party, the CCSAO has no discovery obligations unless and until it receives a validly issued subpoena. Presently, no subpoena has been issued in this case (and for the reasons stated below, one cannot presently be issued). Nonetheless, Defendant Hyman's motion improperly requests that this Court "order Cook County and Cook County State's Attorney Kim Foxx to immediately produce all files unredacted and unfiltered regarding the prosecution of Jackie Wilson since 1982 to attorney for Defendant and former Assistant State's Attorney Lawrence Hyman [ ]." Def. Mot., Dkt. 82, p.9. Because Defendant's motion seeks to compel the CCSAO to act, the CCSAO is seeking this Court's permission to intervene in this motion for the limited purpose of objecting to those portions which are directed at it.

**II.    Defendant's Request that this Court Order the CCSAO to "Immediately Produce All Files Unredacted and Unfiltered Regarding the Prosecution of Jackie Wilson" is Improper Because It Circumvents Federal Discovery Rules.**

As stated above, the CCSAO is not a party to this matter. Because it is not a party, the CCSAO does not have an obligation to produce documents until it receives a valid subpoena. Fed. R. Civ. Pro. 45(c)(2)(A). Presently, this Court has not opened discovery for the parties. Consequently, Defendant Hyman has not issued a valid subpoena in this case upon the CCSAO for the files referenced in his motion; and, due to the current posture of this case, he presently has

no authority to issue such a subpoena. As a result, there is no obligation for the CCSAO to tender the files at issue in the present motion.

Defendant Hyman is a party to this litigation. As a party, he does not have any priority standing over any other party when it comes to discovery. As stated above, the CCSAO is a third-party to this litigation. When the CCSAO's obligation to tender documents in accordance with the Federal Rules of Civil Procedure is ripe, the CCSAO will tender documents to *all* parties entitled to such discovery. Simply stated, Defendant Hyman's prayer for relief that this Court *order* the CCSAO to tender these files immediately and to him only circumvents the discovery process and Federal Rules of Civil Procedure.

### III. Defendant's Motion Misstates Both the Scope of His Counsel's Appointment as a Special Assistant State's Attorney Pursuant to 55 ILCS 5/3-9008 and the Application of Illinois Rule of Professional Conduct 1.16.

Defendant Hyman's counsel misstates and misunderstands the nature and scope of his appointment to represent former Assistant State's Attorney Hyman. Counsel was appointed—at the request of the State's Attorney—to defend former Assistant State's Attorney Lawrence Hyman in this federal civil suit. *See* Appointment Order, Def. Mot., Dkt. 82, Ex. A. Defendant Hyman's counsel has not been appointed—as a Special Prosecutor—to take over prosecuting Jackie Wilson in a state criminal proceeding. *Id*. The Cook County Chancery Court Order appointing Hyman's counsel clearly states that he is representing Mr. Hyman, "…in the matter of *Wilson v. Trutenko*, et al., 21 C 3487… ." *Id.*

This distinction is relevant to the files to which defense counsel believes he is entitled. Defendant Hyman's counsel mistakenly believes he has been appointed as a successor prosecutor trying the decades-long criminal matter against Jackie Wilson; and, therefore, mistakenly believes he is entitled to the "unredacted" prosecutor's files. Defendant Hyman's counsel is not a successor attorney in the prosecution of Jackie Wilson.

This misunderstanding is the cause of his confusion regarding the applicability of Illinois Rule of Professional Conduct 1.16 to him and the files at issue. Defense counsel cites this rule as a basis for why he believes he is entitled to "the prompt transfer or production of the files and documents [as] *successor counsel* – unfiltered." Def. Mot., Dkt. 82, ¶12 (emphasis added). Counsel has wrongly concluded by virtue of his appointment that he is a "successor" counsel pursuant to Ill. R. Prof. Cond. 1.16. He is not continuing the prosecution of Jackie Wilson. He is defending Lawrence Hyman in the newly initiated federal civil matter.

Not only is Rule 1.16 not applicable because counsel is not a successor attorney in the criminal action, the language of the rule he is trying to apply does not support his position. The Illinois Rule of Professional Conduct that Hyman's counsel is invoking regarding successor attorneys states, "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to ... surrendering papers and property to which the client is entitled ... ." Ill. R. Prof. Cond. 1.16. Applying this rule to these facts, Defendant former ASA Hyman has never previously been a "client" of the CCSAO and, therefore, under no circumstances would he—in his personal capacity—be entitled to any of the CCSAO's unredacted files.

The real legal issue regarding defense counsel's claims comes down to the application of privilege as it relates to the documents at issue. Defense counsel claims in his motion that he is entitled to unredacted or "unfiltered" files. Counsel argues that *he* is the party responsible for redacting the files of the CCSAO for privilege and confidentiality. However, the privileges applicable to the prosecutor's files belong to the CCSAO. Hyman's counsel does not have standing to invoke privileges that do not belong to him. These files belong to the CCSAO and, consequently, the CCSAO is responsible for reviewing these files for applicable privilege and confidentiality.

**IV.    Defendant's Motion is Moot Where There is No "File" in the CCSAO's Possession Related to the Present Federal Civil Suit.**

The Cook County State's Attorney's Office is charged with representing the County in many facets. The CCSAO is responsible for prosecuting criminal matters. It is also responsible for pursuing and defending civil matters on behalf of the County, its many agencies, and employees. Depending on the nature of the case—criminal or civil—the matter is handled by the appropriate division of the office. Hyman's counsel has conflated this distinction. Even if counsel were a *successor* attorney for purposes of Rule 1.16, Hyman's counsel was appointed to defend former ASA Hyman in the present federal civil matter; and, therefore, he would be the successor attorney to the civil proceeding.

Regarding the civil suit in which former ASA Hyman is presently a defendant, the CCSAO does not have a file. Plaintiff's complaint was filed June 30, 2021. Compl. Dkt. 1. Hyman's present counsel was appointed to defend him in the present federal civil suit less than a month later. *See* Def. Mot., Dkt. 82, at Ex A. In the approximately 20 days before Hyman's present counsel filed his appearance to represent Mr. Hyman, the CCSAO did not create a file in preparation of defending Mr. Hyman from the present suit. In other words, there is no civil file related to the present federal matter which can be tendered to Hyman's counsel as successor attorney.

**V.    Defendant's Arguments that He is Entitled to "Unredacted" and "Unfiltered" Documents is Premature.**

Defendant is arguing that he is entitled to "unredacted" and "unfiltered" documents. At this point, the CCSAO has not tendered any redacted or filtered documents to any party to this litigation. In other words, Defendant cannot argue the CCSAO has inappropriately invoked any applicable privilege where the CCSAO has yet to actually invoke such privileges. Defendant's

present argument is simply premature. Hyman's counsel has not seen a production yet. There is nothing for him to challenge at this point.

Regarding privilege, the CCSAO recognizes that there may be some documents redacted or withheld from production that former ASA Hyman may have the right to review. Particularly, if the CCSAO invokes the attorney-work product privilege as to documents prepared by former ASA Hyman, he may have the right to review those unredacted documents, as they are the product of his work. However, again, decisions based on this scenario are premature. The CCSAO has not yet withheld or tendered any redacted documents in this case.

## CONCLUSION

WHEREFORE, for the above reasons, the Cook County State's Attorney's Office requests this Court permit it to intervene for the limited purposes of opposing those portions of Defendant Lawrence Hyman's present motion (Dkt. 82) which are directed at the Cook County State's Attorney's Office. The Cook County State's Attorney's Office also requests that this Court deny Defendant Hyman's requests that this Court order the CCSAO to tender unredacted files to Defendant Hyman.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on December 2, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which caused it to be served this day on all counsel of record who are registered to receive electronically Notices of Electronic Filing generated by the CM/ECF system.

By: /s/ *Sean O'Callaghan*

Sean O'Callaghan
**O'Mara & O'Callaghan, LLC**
230 W. Monroe Street
Suite 2620
Chicago, IL 60606
*Counsel for the Cook County State's*
*Attorney's Office*