**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JACKIE WILSON | ) | |
| | ) | Case No. 21-CV-3487 |
| Plaintiff | ) | |
| | ) | |
| **vs.** | ) | HON. JUDGE FRANKLIN U. |
| | ) | VALDERAMA |
| Estate of Former Chicago Police | ) | |
| Department Commander Jon Burge, et al., | ) | HON. MAG. JEFFREY T. GILBERT |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS TO STAY DISCOVERY

### INTRODUCTION

Plaintiff Jackie Wilson served nearly four decades in prison for a crime he did not commit. The criminal proceedings against Mr. Wilson were such a miscarriage of justice that they resulted in Mr. Wilson's convictions being dismissed with prejudice at the conclusion of a two-week retrial and a special prosecutor being appointed to investigate potential criminal charges against members of the Cook County State's Attorney's Office. Indeed, even the judge overseeing the state court criminal proceedings commented that the individuals who have wronged Mr. Wilson should pay.

Against this backdrop, Mr. Wilson filed a detailed, eleven count complaint alleging that seventeen Defendants, including the infamous former Chicago police officer Jon Burge, violated his constitutional rights at various points starting from the time he was arrested through the end of his third trial. There is no reasonable chance the pending motions to dismiss will lead to the dismissal of the entire case. Even if certain claims or certain Defendants are dismissed, all of the same documents will be relevant in discovery, and the same witnesses will be deposed.

Discovery should start now, as provided for under the rules of civil procedure. Defendants' motions to stay discovery fail to show good cause for a stay, and none exists.[1]

In fact, although all Defendants ask the Court to stay discovery, the second part of Defendant Lawrence Hyman's motion shows that he does not really want a discovery stay. Instead, he only seeks to stay discovery from the Plaintiff to him. More specifically, in the same motion asking the Court to stay discovery, Hyman demands that the Court order another Defendant (Cook County), and a third party (the Cook County State's Attorney) to produce complete files to him immediately, without the need for a discovery request. Although Plaintiff does not oppose Hyman's request that Cook County produce relevant files to him, there is no basis for his request that the Court stay all discovery other than for the documents he wants. If the Court orders Cook County to provide the files that Hyman requests, the order should direct the County to produce the files to all parties.

## ARGUMENT

### I.     Legal Standard.

"Discovery need not cease during the pending of a motion to dismiss." *SK Hand Tool Corp. v. Dresser Indus., Inc*., 852 F.2d 936, 945 n.11 (7th Cir. 1988). To the contrary, Rule 26 provides that parties may serve discovery any time after their Rule 26(f) planning conference, and a party moving to stay discovery must show "good cause." *See* Fed. R. Civ. P. 26(c); *see also*, *e.g.*, *Harper v. Cent. Wire, Inc.*, 19 CV 50287, 2020 WL 5230746, at *1 (N.D. Ill. Sept. 2, 2020) ("There is no requirement that discovery cease during the pendency of a motion to dismiss. Rather, the movant must show that good cause exists for the stay.") (internal citations omitted); *Gookins v. County Materials Corp.*, No. 1:19-cv-00867, 2019 WL 3282088, at *1

---

[1] Hyman also sought to stay the parties' Rule 26(f) planning conference, but that portion of his motion is moot now that the Court ordered the parties to file their planning report by December 7, 2021.

(S.D. Ind. Jul. 18, 2019) ("Filing a motion to dismiss does not automatically stay discovery, and the Court is not required to grant a motion to stay discovery pending a ruling on a motion to dismiss."); *O'Conner v. Eden Mgmt. LLC*, No. 13 C 7391, 2014 WL 5761138, at *2 (N.D. Ill. Nov. 4, 2014) ("The HFS Defendants' motion to stay is predicated on the assumption that their motion to dismiss will be granted. But that is pure speculation at this juncture."); *Tamburo v. Dworkin, et al.*, No. 04 C 3317, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010) (denying a stay and finding that "[w]here the Court finds that a stay of discovery is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere."); *Coss v. Playtex Prods., LLC,* No. 08 C 50222, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009) ("[a]lthough stays on discovery are sometimes appropriate, this court disfavors them because they bring resolution of the dispute to a standstill.").

## II.    The Court should deny Hyman's motion to stay discovery.

Although Defendants identify certain factors that courts weigh when deciding whether a moving party has met its burden of showing good cause to stay discovery, they did not provide anything more than conclusions when applying those factors to this case. Dkt. 82 ¶ 5; Dkt. 91 ¶ 7.

First, Hyman argues that Mr. Wilson will not suffer prejudice if discovery is stayed because the case does not present an "emergency and Plaintiff is no longer incarcerated and is not requesting immediate relief." Dkt. 82 ¶ 6. That Mr. Wilson is not incarcerated is plainly irrelevant to whether he would suffer prejudice by delaying discovery in his civil case, and Hyman does not cite any cases suggesting otherwise. Hyman also fails to address the real prejudice that Mr. Wilson will face if discovery is stayed pending the resolution of the motions to dismiss. Namely, this case is already four decades old. During that time, memories have

undoubtedly faded, and a number of Defendants died before this civil case was filed. Given the age of this case, the longer that Mr. Wilson has to wait to conduct discovery, the more likely that additional details will be lost or forgotten. In addition, Hyman's contention that Mr. Wilson will not suffer undue prejudice appears to rest at least in part on an unreasonable timetable for resolving the motions to dismiss. Specifically, Hyman writes that "[a] delay of a few weeks" to sort out the motions to dismiss will help conserve resources. *Id*. ¶¶ 7, 9. It may be true that a delay of a few weeks would not materially harm Mr. Wilson or the progress of this case, but federal judges in this district have busy dockets, and rulings on motions to dismiss in cases involving 17 defendants are typically not made in a matter of weeks. The remaining Defendants do not address this factor at all other than stating their conclusion that a stay would not prejudice Mr. Wilson, Dkt. 91 ¶ 12, resulting in the forfeiture of any argument that a stay would not prejudice Mr. Wilson. *See*, *e.g.*, *Logan v. City of Evanston*, 20 C 1323, 2020 WL 6020487, at *8 (N.D. Ill. Oct. 12, 2020) ("The argument is unsupported and entirely conclusory. The defendants have forfeited the point for purposes of the motions to dismiss.").

Second, Defendants contend that the Court should stay discovery because Defendants have raised statute of limitations arguments and qualified immunity. Dkt. 82 ¶¶ 8, 11; Dkt. 91 ¶¶ 8, 9. Again, it is true in the abstract that potentially case-dispositive arguments about the statute of limitations or qualified immunity can weigh in favor of staying discovery. But here, there is no realistic possibility that the case is going away on qualified immunity or statute of limitations grounds. To the contrary, this Court recently rejected Defendants' main statute of limitations defense, that all of Plaintiffs' federal claims are too late because they accrued when his conviction was reversed rather than when the subsequent criminal proceedings were dismissed, in *Ochoa v. Lopez*, 20-CV-02977, 2021 WL 4439426, at *4-6 (N.D. Ill. Sept. 28, 2021) (in case

where conviction was vacated and defendant remained subject to subsequent criminal proceedings, coerced confession, fabrication of evidence, and *Brady* claims all accrued when the subsequent proceedings ended rather than when the conviction was vacated).[2]

Nor are Defendants' qualified immunity claims going to result in the dismissal of all claims. For one, not all of the Defendants have even sought dismissal on qualified immunity grounds, let alone on all claims in the case. Second, all Defendants do not enjoy qualified immunity from Mr. Wilson's claims. As just one example, Mr. Wilson alleges that multiple Defendants tortured him or let others do so, which "resulted in the false, fabricated, and manufactured statement implicating Plaintiff in crimes he did not commit." Dkt. 1 ¶¶ 4, 10-12, 26, 34. "[T]hat torture is unlawful has been clearly established for decades, thus rendering futile any argument than an individual who engaged in torture should enjoy qualified immunity." *Tillman v. Burge*, 813 F.Supp.2d 946, 966 n.12 (N.D. Ill. 2011) (citing, among other cases, *Wilkerson v. State of Utah*, 99 U.S. 130 (1878)); *see also Smith v. Burge*, 222 F. Supp. 3d 669, 679-84 (N.D. Ill. 2016) (denying qualified immunity to defendants on due process and coercive interrogation claims arising from similar circumstances to Plaintiff's allegations); *Whitlock v. Brueggemann*, 682 F.3d 567, 585 (7th Cir. 2012) (collecting cases establishing "that the deliberate manufacture of false evidence contravenes the Due Process Clause").

In any event, the City of Chicago is a Defendant in this case on the theory that its policies caused the constitutional violations at issue under *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978), and qualified immunity is not a defense to *Monell* claims. *Owen v. City of Indep., Mo.*, 445 U.S. 622, 638 (1980). Any discovery relating to Mr. Wilson's claims

---

[2] Defendants cite this Court's decision in *Donets v. Vivid Seats, LLC*, 20-cv-3551 (N.D. Ill. Dec. 12, 2020) for the proposition that staying discovery is sensible when a pending appellate court decision may control the resolution of the disputed statute of limitations issue. Dkt. 82 ¶ 11; Dkt. 91 ¶ 9. The *Donets* decision does not support staying discovery in this case because as this Court explained in *Ochoa* case, the Supreme Court has already answered the relevant statute of limitations questions at issue here.

against the individual Defendants is also relevant to his *Monell* claim because there must be a constitutional violation for a municipality to be held liable under *Monell*.

Third, the Defendants assert more generally that the pending motions to dismiss may result in certain claims or certain Defendants being dismissed at this stage. *See* Dkt. 91 ¶ 5. Plaintiff disagrees, but more importantly for purposes of this motion, Defendants do not explain how it would materially change the discovery that the parties will conduct in this case even if Defendants were right. The answer is that it would not change discovery. Every person named as a Defendant in this case will be a witness, and therefore will be deposed, regardless of whether they remain as Defendants after the motions to dismiss are decided. Similarly, to the extent that the Defendants have relevant documents, they will need to produced, whether by subpoena or request for production.

Fourth, Defendant Nicholas Trutenko asserts that a stay would be appropriate as to him on the additional ground that he is the subject of a criminal investigation for his role in Mr. Wilson's third trial. Dkt. 91 ¶ 10. As with the rest of the motions, Trutenko merely concludes that a stay would be appropriate rather than explaining why a stay would be appropriate, again resulting in forfeiture of the argument. *See Logan*, 2020 WL 6020487, at *8. Indeed, Trutenko fails to acknowledge the multi-factor test that courts use to determine whether to stay civil litigation while parallel criminal proceedings are on ongoing, let alone explain why a stay is justified in this case under that test. The one case he cites, *Chagallo v. City of Chicago*, 529 F.Supp.2d 941, 945 (N.D. Ill. 2008), is not similar to this case and does not support his request for a stay. In *Chagallo*, multiple of the individual defendants had already been charged with crimes, and even then the court only partially stayed the case and only for four months. *See id*. Here, by contrast, the special prosecutor has not announced any charges, and Trutenko provides

no details about the status of the investigation. But even if the Court was inclined to grant Trutenko a partial stay, which it should not on this record, that would not provide a basis to stay any part of the case for any other Defendant (and no other Defendant appears to raise the investigation as a basis for the stay).

### III. If the Court orders Cook County to produce files to Hyman, it should also order those files produced to Plaintiff.

Hyman also requests that the Court order the County to immediately produce to him unredacted copies of all files relating to the prosecutions of Mr. Wilson. Dkt. 82 ¶¶ 12-17. Plaintiff agrees that these files would be relevant to this case, but Mr. Hyman's request for immediate access to another party's files is incongruous with his request that all discovery be stayed. Put simply, Mr. Hyman has not provided any justification for why discovery should run one way, from Defendant Cook County to him, while all discovery from all other parties, is stayed. He claims that Kim Foxx (not a Defendant in the case) has an ethical obligation to produce the files to Hyman, but assuming that is correct, it is still not clear why that production should come before all other discovery in this case. Mr. Wilson submits that the more appropriate and reasonable course of action is to allow all parties to engage in the discovery necessary to litigate this case.

Finally, Mr. Wilson briefly responds to Hyman's contention that it was "inappropriate and intrusive" for him to inform Hyman that Mr. Wilson should also receive a copy of whatever files the County produces. It appears that the basis for Mr. Hyman's assertion is his belief that the files that he demands be immediately produced might have "irrelevant, prejudicial, privileged or confidential medical records" or other similar files "that need to be reviewed by" Hyman's counsel. Although it seems unlikely that the files relating to Mr. Wilson's prosecution have documents that would be irrelevant to this case, if they do have such documents, there is no

7

reason that Hyman should get them either, and certainly no justification for demanding their immediate production before all other discovery. To the extent that the files have other "confidential" information, the Court can enter a Confidentiality Order limiting the use of that information to this case. In any event, Hyman does not provide any explanation for why he would be entitled to review such information but Mr. Wilson would not.[3]

## CONCLUSION

For the reasons stated above, the Court should deny Defendants' motion to stay discovery. If the Court grants Hyman's motion to the extent it requests that Cook County produce certain files, those files should be produced to all parties.

Respectfully submitted,

s/ Scott Rauscher
Jon Loevy
Scott Rauscher
Elliot Slosar
Margaret E. Campbell
LOEVY & LOEVY
311 N. Aberdeen, 3rd Fl
Chicago, IL 60607
312-243-5900

Flint Taylor
Ben Elson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070

Plaintiff's attorneys

---

[3] It appears that the Cook County State's Attorney agrees with this point. Its motion to intervene explains that when it produces documents, it intends to produce documents to all sides, though it opposes Hyman's motion for the immediate production of unredacted files.

8