IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE WILSON, | ) | |
| | ) | Case No. 21-CV-3487 |
| Plaintiff, | ) | |
| | ) | Hon. Judge Franklin U. Valderrama |
| v. | ) | District Judge |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | Hon. Mag. Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S UNOPPOSED MOTION TO APPOINT AND SUBSTITUTE SPECIAL REPRESENTATIVES FOR DECEASED DEFENDANTS PATRICK O'HARA, JOHN YUCAITIS, AND LEROY MARTIN SR.

Plaintiff JACKIE WILSON, by his attorneys, file this unopposed motion to appoint special representatives to defend this action as representatives of deceased Defendants PATRICK O'HARA, JOHN YUCAITIS, and LEROY MARTIN SR., and to substitute those special representatives, stating as follows:

### BACKGROUND

1. Plaintiff filed this lawsuit on June 30, 2021, alleging that various individuals caused him to be wrongly convicted of a 1982 double murder and incarcerated for decades as a result. *See generally* Complaint, Doc. No. 1. All law-enforcement Defendants have appeared, with the exception of Leroy Martin Sr., John Yucaitis, John Burge, and Patrick O'Hara.[1]

---

[1] Defendant William Coleman has been served with Plaintiff's Complaint. Dckt. No. 37. Defendant Coleman has not answered the Complaint nor has counsel appeared on his behalf. Burge has an open estate, and Plaintiff served the personal representative with Plaintiff's Complaint. Dckt. No. 70. Plaintiff understands that the Rock Fusco law firm has been retained by the City of Chicago to represent the Burge estate and has reached out to the personal representative of Burge's estate to discuss that representation.

2. Defendants O'Hara, Martin Sr., and Yucaitis are deceased, but law firms have been retained to represent their interests in this litigation. Over the past several months, Plaintiff and counsel for those defendants have engaged in discussions regarding representation of the deceased defendants, including the necessity for appointment of special representatives. Specifically, the Reiter Burns law firm will represent the interests of Martin (*see* Dckt. No. 94 at 2), and the Rock Fusco firm will represent Yucaitis and O'Hara.

3. Discussions between Plaintiff and the Reiter Burns and Rock Fusco firms led to an agreement that will allow the litigation to proceed efficiently as to all Defendants.[2] Specifically, the firms agreed that Plaintiff could file an unopposed motion for the appointment of special representatives for Martin, Yucaitis, and O'Hara pursuant to 735 ILCS 5/13-209(b)(2).

4. Reiter Burns has confirmed that Anthony Schumann has agreed to serve as a special representative of Defendant Martin. Plaintiff therefore seeks an order appointing Mr. Schumann as a Special Representative of Defendant Martin, deceased.

5. Attorneys for Plaintiff and the Individual Defendants have been unable to locate an Estate being opened at any time for Defendants Yucaitis and O'Hara. Rock Fusco has confirmed that Defendant O'Hara's son, Brian O'Hara, has agreed to serve as a special representative for Defendant O'Hara. Rock Fusco has also confirmed that Geri Lynn Yanow, an attorney who has no interest in this litigation, has agreed to serve as a special representative for Defendant Yucaitis. Given this agreement, Plaintiff seeks an order appointing: (1) Brian O'Hara

---

[2] Defense counsel opposes discovery being propounded to the Estates and further believes that the statute of limitations has long run with regard to suing O'Hara, Yucaitis and Martin. However, the Parties have agreed to defer these disputes until discovery is served and the issue becomes ripe and dispositive motions are filed.

as a Special Representative of Defendant Patrick O'Hara, Deceased; and (2) Geri Lynn Yanow as a Special Representative of Defendant John Yucaitis, Deceased.

## ARGUMENT

6. Federal district courts in Illinois have the power to appoint special administrators consistent with Illinois law. *Stewart v. Special Administrator of the Estate of Mesrobian*, 559 F. App'x 543, 548 (7th Cir. 2014) (recognizing this power); *Anderson v. Romero*, 42 F.3d 1121, 1124-25 (7th Cir. 1994) (appointing attorneys as special administrators after death of a plaintiff); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983.").

7. Illinois provides for the appointment of a special representative for purposes of defending an action that survives a defendant's death and without the need to open an estate. 735 ILCS 5/13-209(b)(2); *see also* 735 ILCS 5/2-1008(b)(2); *Relf v. Shatayeva*, 998 N.E.2d 18 (Ill. 2013) (discussing the procedure for appointing a special representative).

8. It is Plaintiff's position that the constitutional and state-law claims alleged by Plaintiff survive the deaths of Defendants O'Hara, Yucaitis, and Martin Sr. *E.g.*, *Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012). Courts in this district have appointed special representatives in these circumstances. *See*, *e.g.*, *Starks v. Waukegan, et al.*, No. 09 C 348 (N.D. Ill. Jan. 15, 2014), Doc. No. 208 (Order Appointing Special Administrator); *see also Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing city clerk as special representative for deceased defendants in wrongful conviction case); *Hicks*, 2012 WL 1755735, at *1-2 (appointing spouse in representative capacity); *Tamburo v. Dworkin*, 2012 WL

3

10454, at *3-4 (N.D. Ill. 2012) (discussing appointment of special representative under Illinois law).

9. This Court should appoint a special representative so that this action can be maintained against Defendants Martin Sr., O'Hara, and Yucaitis.

10. The special representatives need not be an heir of any of the decedents.[3] The appointments sought are appropriate and are agreed between all of the relevant parties.

11. Should the Court grant Plaintiff's motion, Plaintiff will promptly comply with all Illinois law requirements governing the substitution of a special representative in civil litigation and will seek leave to file an amended complaint naming the appointed special representatives as defendants on behalf of the deceased individuals. The Reiter Burns and Rock Fusco firms have already agreed to waiver service of process.

12. Defendants do not oppose Plaintiff's motion seeking the appointment of a special representative.[4]

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court appoint: (1) Brian O'Hara as special representative for the purpose of defending Plaintiff's claims against Defendant Patrick O'Hara; (2) Geri Lynn Yanow as special representative for the purpose of defending Plaintiff's claims against Defendant John Yucaitis; (3) Anthony Schumann as special

---

[3] While Patrick O'Hara's son has agreed to serve as a special representative of the Estate, the remaining proposed special representatives are not heirs to the respective Estates.

[4] It is Defendants' position that by not opposing the motion, they are not waiving any objections, defenses, or rights they have in this litigation such as the ability to seek dismissal, judgment, relief from order or judgment or an appeal, and they reserve the right to assert any defense and to pursue any dispositive and post-judgment motions and any appeals in this matter, including but not limited to those that would otherwise be available had they not agreed to the appointment of a special representative, motions for summary judgment, or relief under Rule 50 of the Federal Rules of Civil Procedure.

representative for the purpose of defending Plaintiff's claims against Defendant Leroy Martin Sr.; and (4) substitute the above-named special representatives.

RESPECTFULLY SUBMITTED,

**JACKIE WILSON**

BY: /s/ Elliot Slosar
*One of Plaintiff's Attorneys*

| | |
|---|---|
| Jon Loevy | Flint Taylor |
| Scott Rauscher | Ben Elson |
| Elliot Slosar | PEOPLE'S LAW OFFICE |
| LOEVY & LOEVY | 1180 N. Milwaukee Ave. |
| 311 N. Aberdeen St., 3rd Floor | Chicago, Illinois 60642 |
| Chicago, Illinois 60607 | (773) 235-0070 |
| (312) 243-5900 | |