**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JACKIE WILSON | ) <br> ) Case No. 21-CV-3487 <br> ) <br> ) |
| Plaintiff | ) HON. JUDGE FRANKLIN U. <br> ) VALDERAMA <br> ) |
| vs. | ) <br> ) |
| Estate of Former Chicago Police Department Commander Jon Burge, et al., | ) HON. MAG. JUDGE JEFFREY T. <br> ) GILBERT <br> ) |
| Defendants. | ) <br> ) <br> ) JURY TRIAL DEMANDED |

**JOINT STATUS REPORT ON DEPOSITIONS**

The parties submit the following joint status report pursuant to the Court's May 23, 2023 Order. Dkt. 231.

**1.  Plaintiff's Position**

The allegations forming the basis of Plaintiff's Complaint began more than 40 years ago. Dckt. 1. The lawsuit has been pending for more than two years. To date, no deposition has occurred. Defendants moved to stay discovery in 2021. Dckt. Nos. 82, 91, 178. At the time, Defendants' motions to dismiss remained pending. This Court considered the briefs and arguments and rightly denied Defendants motions. Dckt. 196. On April 3, 2023, with the sole exception of Mr. Trutenko, Defendants' motions to dismiss were denied wholesale. Dckt. 213.

The parties submitted a joint status report on May 3, 2023 after Plaintiff moved for leave to amend the complaint to add Mr. Trutenko back as a Defendant. Dckt. 224. In that report, the Parties jointly stated:

1

> agreed.
>
> 4. **Nicholas Trutenko Discovery**
>
> Plaintiffs have moved for leave to amend to add Trutenko back to the case as a Defendant. The parties do not believe that the outcome of that motion should impact the discovery schedule, as Trutenko will be deposed and will be subject to document discovery regardless of whether he is a Defendant or a third-party.

Dckt. 224 at 4.

Plaintiff issued his first notice of depositions two weeks later. Defendants agreed to confer regarding scheduling and agreed to present certain Defendants for depositions (including Defendant Hartnett, who was set to be deposed July 27, 2023).

Since that time, the Parties have engaged in several meet and confers regarding scheduling. Consistent with this Court's order, those conversations were supposed to center on availability for depositions. Mr. Coyne, on behalf of Mr. Trutenko, participated in those conversations and took positions intended to stop the scheduling of depositions in this case. To this day, Mr. Trutenko cites no authority supporting the positions he takes here as a third party. Nonetheless, and to mitigate any purported prejudice to Mr. Coyne if Defendant Trutenko is reinstated, Plaintiff conveyed to Mr. Coyne and Defendants that he has no objection to Mr. Coyne participating in depositions as they occur. Plaintiff's position moots the position asserted by Mr. Coyne. Under Plaintiff's concession, Mr. Coyne can ask questions of witnesses and lodge objections as he sees fit.

Nonetheless, Defendants take the frivolous positions asserted below. Defendants' depositions are critical for the preservation of their testimony of this case. Given the age of this case, Plaintiff respectfully asks that the depositions of parties and third-parties alike move forward. Mr. Trutenko's counsel can participate in those depositions as he sees fit. There is no

2

dispute that Mr. Trutenko is on notice of Plaintiff's claims against him: they are set forth in the proposed Amended Complaint.

**2.      Nicholas Trutenko's Position**

Former defendant, Nicholas Trutenko, was terminated as a defendant pursuant to his motion to dismiss on March 31, 2023. Plaintiff has filed a motion for leave to file an amended complaint against Trutenko, to which Trutenko has filed a motion in opposition. That matter is fully briefed and we are awaiting a ruling from the district court. The parties have recently addressed the issue of Trutenko's participation in depositions in this case while he is not a defendant. Trutenko has been requested to state his position on this issue and does so as follows.

If Trutenko is made a defendant in this case, he has a right to participate in depositions of witnesses under all of the following conditions: 1) having knowledge of the specific allegations/claims which are alleged and *actively* pending against him; 2) having had the opportunity to propound written discovery specifically directed to all of the of allegations/claims alleged against him and having received Plaintiff's responses to said discovery; 3) having the opportunity to review all of the discovery responses and documents produced in the case that maybe relevant to the allegations/claims alleged against him. This is particularly important since many hundreds of thousands of pages of documents have been produced thus far, many of which were generated *after* Nicholas Trutenko was completely dismissed from this case.

In addition to the fact that Trutenko is not currently a defendant, it should be noted that none of the discovery requests propounded to Plaintiff on behalf of Nicholas Trutenko when he was a defendant were ever answered by Plaintiff. Nonetheless, those discovery requests have been largely made irrelevant based upon Plaintiff's proposed amended complaint. In addition to the brand new allegations against Nicholas Trutenko in Plaintiff's proposed amended complaint,

3

which differ substantially from the original allegations against him, Plaintiff has also moved for reconsideration of the claims against him which were dismissed with prejudice. Furthermore, the proposed amended complaint broadly, and vaguely, alleges that Nicholas Trutenko "engaged in misconduct as part of Defendants' conspiracy which began in 1982…". Consequently, Trutenko is currently not in a position to assess whether any particular deposition does, or does not, "relate" to him. Given that Trutenko is not currently aware of the specific allegations against him and has not had the opportunity to conduct even the most basic written discovery, it is his position that any participation in depositions would essentially be meaningless.

If, and when, Trutenko is again made a defendant in this case, he will seek to conduct discovery afforded to parties to a lawsuit under all applicable provisions of the Federal Rules of Civil Procedure, including deposing any and all witnesses deemed necessary.

**3.     Defendants' Position**

Defendants generally agree that depositions can begin to take place in August 2023, with a caveat. Defense counsel have concerns that Mr. Trutenko's position as stated above puts them into a situation where their clients might be required to appear twice for deposition (*i.e.*, once before the motion for leave to amend is resolved, and a second time if Trutenko is subsequently added back as a defendant). For that reason, defense counsel believe the depositions of their clients should be deferred until after the Court's ruling on the motion to amend, which will clarify Trutenko's status and the operative allegations in the case. Defendants submit that a conference with this Court on the issue would be of great assistance.

DATED: July 20, 2023                             RESPECTFULLY SUBMITTED,

s/ Scott Rauscher                                s/ Flint Taylor

Jon Loevy                                        Flint Taylor
Scott Rauscher                                   Ben Elson
Elliot Slosar                                    People's Law Office

4

Margaret E. Campbell
LOEVY & LOEVY
311 N. Aberdeen, 3rd Fl
Chicago, IL 60607
312-243-5900

/s/ Tracy Stanker
Terry A. Ekl
Tracy Stanker
Ekl, Williams & Provenzale, LLC
901 Warrenville Rd. Suite 175
Lisle, IL 60190
630-654-0045
tekl@eklwilliams.com
tstanker@eklwilliam.com
*Attorneys for Defendants Horvat and Hartnett.*

/s/ Edward R. Theobald
Law Offices of Edward R. Theobald
Arboretum Lakes – 901 Warrenville Road, Suite 175
Lisle, IL 60532
(312)346-9246
Bears51@aol.com
*Attorney for Defendant Lawrence Hyman*

s/s Matthew A. Hurd
Thomas G. DiCianni /ARDC #3127041
Matthew A. Hurd / ARDC #6191532
ANCEL GLINK, P.C.
140 South Dearborn Street, Suite 600
Chicago, Illinois 60603
Phone: (312) 782-7606
Facsimile: (312) 782-0943
tdicianni@ancelglink.com
mhurd@ancelglink.com
*Attorneys for Estate of William Kunkle*

By: /s/ Paul A. Michalik
Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Katherine C. Morrison
Daniel J. Burns
Dhaviella N Harris

1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070

Reiter Burns LLP
311 South Wacker Drive, Suite 5200
Chicago, IL 60606
tburns@reiterburns.com
pmichalik@reiterburns.com
dnoland@reiterburns.com
kmorrison@reiterburns.com
dburns@reiterburns.com
dharris@reiterburns.com
*Attorneys for Defendants, City of Chicago, Gayle Shines, Richard M. Daley, Terry Hillard, and Thomas Needham.*

By: /s/ Andrew Grill
Eileen E. Rosen
Stacy A. Benjamin
Andrew Grill
Jessica Zehner
Rock Fusco & Connelly, LLC
321 North Clark Street, Suite 2200
Chicago, IL 60654
erosen@rfclaw.com
sbenjamin@rfclaw.com
agrill@rfclaw.com
jzehner@rfclaw.com
*Attorneys for Defendants Thomas McKenna and Estate of Jon Burge*

By: /s/ Kenneth S. Ulrich
Kenneth S. Ulrich
Margaret C. O'Connor
W. Kyle Walther
55 East Monroe, Suite 3300
Chicago, Illinois 60603
(312) 201-4000
kenneth.ulrich@goldbergkohn.com
margaret.oconnor@goldbergkohn.com
kyle.walther@goldbergkohn.com
*Attorneys for Cook County*

/s/ John C. Coyne
John C. Coyne
Gregory Vaci
Law Offices of John C. Coyne
53 W. Jackson Blvd., Suite 1750
Chicago, IL 60604
(312) 929-4308
jcc@johncoynelaw.com
*Attorney for Non-Defendant*
*Nicholas Trutenko*

2