IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE WILSON | ) | |
| | ) | |
| Plaintiff, | ) | 21-CV-03487 |
| | ) | |
| vs. | ) | Judge Franklin U. Valderrama |
| | ) | |
| Administrator of the Estate of Former Chicago Police Department Commander Jon Burge, NICHOLAS TRUTENKO, et al. | ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

### DEFENDANT TRUTENKO'S OPPOSED MOTION FOR A PROTECTIVE ORDER PURSUANT TO RULE 26(c)

**NOW COMES** Defendant, Nicholas Trutenko, ("Trutenko") by and through his attorneys John C. Coyne and Gregory Vaci, and moves this Court for a protective order, pursuant to *Fed. R. Civ. P. 26(c)*, relating to certain discovery requests pending a ruling on the *12(b)(6)* motion to dismiss. In support of said motion, Trutenko states the following:

### INTRODUCTION

The original complaint in this case was filed on June 30, 2021. (Doc. No. 1) In lieu of filing an answer, Trutenko moved to dismiss that complaint pursuant to *Fed. R. Civ. P. 12(b)(6)* (Doc. No. 47) and Plaintiff filed a response to that motion (Doc. No. 101). On November 28, 2022, the Court indicated that discovery would be stayed until the motions to dismiss were ruled upon. (Doc. No. 190) On December 6, 2022, the Court denied motions to stay filed by Defendants Hyman and Horvat. (Doc. No. 196) On March 31, 2023, all claims against Trutenko were dismissed. (Doc. No. 213 p. 74). The claims where the alleged conduct occurred while Trutenko was a prosecutor were dismissed with prejudice based on absolute immunity. (*Id.*) The claims against Trutenko related to the period of time when he was not a prosecutor, specifically 1991 through 2008, were

1

dismissed without prejudice. (*Id.*) On August 17, 2023, Plaintiff was granted leave to file an amended complaint in this matter. (Doc. No. 270). Plaintiff filed a First Amended Complaint ("Complaint") on August 21, 2023. (Doc. No. 271) The Complaint included amended claims related to the time period that Trutenko was employed as a prosecutor, previously dismissed with prejudice and claims relating to a cause of action for conspiracy under *Section 19*83, previously dismissed without prejudice. On September 18, 2023, Trutenko moved to dismiss the Complaint as to both the claims that were dismissed without prejudice, relating to when he was not a prosecutor, and those that were dismissed with prejudice on absolute immunity grounds. (Doc. No. 293) Plaintiff currently has until October 11, 2023 to respond to that motion, and Trutenko has until October 25, 2023 to reply. On September 18, 2023, Plaintiff served Trutenko with written interrogatories and production requests. (**Exhibit "A"**).

Trutenko's counsel has in good faith conferred with Plaintiff's counsel in an effort to resolve the dispute without court action as required under Rule 26 (c), and Rule 37.2. Attempts to resolve the issue without Court action were unsuccessful and Plaintiff opposed the protective order. Trutenko now moves for a protective order, to stay discovery relating to a specific time period, for the reasons set forth herein.

## RULE 26(c) STANDARD

District courts enjoy extremely broad discretion in controlling discovery. *Crawford-El* v. *Britton,* 523 U.S. 574, 598 (1998); *Patterson* v. *Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Pursuant to Federal Rule of Civil Procedure 26(c), a court may limit the scope of discovery or control its sequence in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Fed. R. Civ. P. 26(c)(1)*; *Britton* at 598. Pursuant to 26(c)(4), this Court may order that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters. *Fed. R. Civ. P. 26(c)(1).*

2

The party seeking the protective order bears the burden of demonstrating why the order should be entered. *Global Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.,* 133 F.Supp.3d 1079, 1084 (N.D.Ill. 2015). To do so, the moving party must show "good cause" and explain why it will be subjected to "annoyance, embarrassment, oppression, or undue burden or expense" if a protective order is not entered. *Fed.R.Civ.P. 26(c)(1).*

## ARGUMENT

A stay of discovery is generally appropriate when a party raises a potentially dispositive threshold issue such as a pending resolution of qualified immunity claims, *see Landstrom v. Illinois Dep't of Children & Family Servs.,* 892 F.2d 670, 674 (7th Cir. 1990) *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery.") The Supreme Court has held that the immunity defense "is meant to give government officials a right, not merely to avoid "standing trial," but also to avoid the burdens of "such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) Further, appeals from denial of immunity are immediately appealable provided that the claim of immunity depends on an issue of law rather than one of fact. *Fields v. Wharrie*, 740 F. 3d 1107, 1109 (7th Cir. 2014) citing *Mitchell v. Forsyth,* 472 U.S. 511, 527-30 (1985).

Here, "good cause" exists for this Court to grant a narrow protective order, staying certain discovery relating to Trutenko, because the district court has already found that Trutenko had absolute immunity while he was a prosecutor and dismissed those claims with prejudice. (Doc. No. 213 p. 74) Plaintiff has essentially asked the district court to reconsider its ruling on the threshold issue of absolute immunity regarding the time period while Trutenko was a prosecutor with the Cook County State's Attorney's Office ("CCSAO") from 1980 through 1991 and from 2008 through 2020. The district court had found Trutenko to be immune during that time period, but allowed Plaintiff leave to file an amended pleading which included those claims even though

3

they were dismissed with prejudice. (Doc. No. 270 p. 3) The court ruled that the arguments made in opposition to allowing amendment of the complaint would be better suited for a motion to dismiss. (*Id.*) In the motion to dismiss filed on September 18, 2023, Trutenko has moved to again dismiss those claims as well as the claims that were dismissed without prejudice.

Plaintiff has now issued written discovery to Trutenko that in large part relates to the time period when he was a prosecutor employed by the CCSAO.[1] Responding to the discovery relating to the time period for which Trutenko was found immune would be in violation of Rule 26, since the claims and defenses to which they clearly relate have been dismissed with prejudice; and extremely time consuming for both Trutenko and his attorneys in light of the fact that there have been many hundreds of thousands of pages of document production already generated in this case. Trutenko has attached a narrowly constructed proposed protective order (**Exhibit "B"**) that would restrict the parties to issuing discovery requests relating only to the time period that Trutenko was not a prosecutor, that being 1991 through 2008. Such an order by this Court would prevent an undue burden on Trutenko caused by conducting discovery on matters that the district court has found him immune, yet would not substantially slow the rate at which this litigation will proceed. Pursuant to the attached proposed protective order, discovery with respect to the claims in the Complaint relating to the non-immune time period, that were dismissed without prejudice, would proceed normally. In addition, the procession of all other discovery in this case would not be affected by this protective order. Several depositions have already been scheduled to take place on October 25, 2023.

---

[1] Plaintiff has propounded fifteen interrogatories, with approximately half containing sub-parts, and fifty requests for production of documents, with several containing sub-parts.

In sum, Trutenko seeks a protective order to stay discovery for the period that the district court has already determined was covered by absolute immunity; from 1980 through 1991 and from 2008 through 2020. Trutenko asserts that the proposed protective order provides the least restrictive means to achieve the purpose that has been outlined herein; that being to prevent unwarranted discovery related to a time period for which he has already been found to have absolute immunity. Thus, any discovery allowed to go forward, prior to the ruling on Trutenko's motion to dismiss the First Amended Complaint, should be restricted to the time periods that Trutenko was not a prosecutor; that being 1991 through 2008.

## CONCLUSION

For the reasons set forth herein, Defendant Nicholas Trutenko asks this Court to enter the attached Opposed Protective Order, or any other remedy that this Court deems just and appropriate given the circumstances set forth herein.

Respectfully Submitted,

**NICHOLAS TRUTENKO**

By: */s/ Gregory Vaci*
Gregory Vaci

Gregory Vaci
John C. Coyne
Law Offices of John C. Coyne
53 West Jackson Blvd. Suite #1750
Chicago, IL 60604
(312) 929-4308
jcc@johnccoynelaw.com

### Certificate of Service

I, Patricia Andersen, certify that I filed and served this document on all counsel and parties of record via the EC/CMF court filing system this 13th day of October 2023.

*/s/ Patricia Andersen*