UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Jackie Wilson
                        Plaintiff,

v.
                        Case No.: 1:21−cv−03487
                        Honorable Franklin U. Valderrama

Administrator of the Estate of Former Chicago
Police Department Commander Jon Burge, et al.
                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, June 18, 2024:

    MINUTE entry before the Honorable Franklin U. Valderrama: Defendant Kunkle filed a motion to dismiss Plaintiff's complaint based on absolute immunity, or in the alternative, qualified immunity. R. [76], First Motion Dismiss at 36, 910. Defendant Kunkle also argued that Plaintiff failed to state claims for failure to intervene and malicious prosecution. Id. at 1011, 1314. Defendant Kunkle, in reply, argued that by leaving the Cook County State Attorney's Office (CCSAO) he no longer had a continuing obligation under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, to disclose information favorable to Wilson that is material to guilt or punishment. As a result, Defendant Kunkle argued, Plaintiff's Brady claim against him for any of his actions after he left the CCSAO fails. R. [132], Reply to First Compl. at 89. The Court issued an 168−page opinion addressing these arguments. Then on 09/18/2023, Defendant Kunkle filed a second motion to dismiss Plaintiff's amended complaint [292] and the City filed a supplement to Defendant Kunkle's second motion to dismiss [299]. Plaintiff filed a response on 11/01/2023 to both motions [328], and Defendant Kunkle and the City of Chicago (City) filed replies on 11/15/2023 [336], [340]. On 03/27/2024, Plaintiff dismissed the County Defendants [374]. On 04/29/2024, the Court directed the remaining parties to indicate which portions of Defendant Kunkle's second motion to dismiss are mooted [386]. The Court has reviewed the Joint Status Report on Remaining Claims Against Defendant Kunkle as a City Defendant [387]. Defendant Kunkle and the City request that the Court allow the parties to refile or supplement their pending motions so as to address the impact of the County settlement and corresponding dismissal of certain claims against Defendant Kunkle. Plaintiff opposes additional briefing, arguing that the remaining claims against the Estate of Defendant Kunkle as a City Defendant are unaltered and presents a chart addressing the remaining claims. It is the case that an amended complaint generally supersedes the previous pleading. 188 LLC v. Trinity Indus. Inc., 300 F.3d 730, 736 (7th Cir. 2002). It is also true that if the amended complaint contains new matter, then a defendant may bring a second motion to dismiss. Here, while the Court finds that while there are several new allegations against Defendant Kunkle in the amended complaint, there are no new claims or causes of actions against any

Defendant in the amended complaint. The Court's 168–page opinion [213] already addressed the claims or causes of action brought against Defendant Kunkle. In short, the filing of the amended complaint, with no new claims against Kunkle, does not give Defendant Kunkle a second bite at the apple. Therefore, the Court denies Defendant Susan Kunkle as Special Representative of the Estate of William J. Kunkle's Corrected Motion to Dismiss Plaintiff's First Amended Complaint Against the Estate [348] and Defendant City of Chicago's Motion to Supplement Defendant Kunkle's Motion to Dismiss Plaintiff's First Amended Complaint Relative to Kunkle's Role as Special Assistant Corporation Counsel [299]. Of course, the Estate may if appropriate, file a motion for summary judgment asserting the same arguments. The Court also reviewed Plaintiff's 04/04/2024 Status Report on Cook County Settlement [377], in which Plaintiff indicated that the Cook County Board approved the settlement and payment of the settlement amount was received. Therefore, per the Court's 03/27/2024 Order [374], the dismissal without prejudice is converted to a dismissal with prejudice. Mailed notice. (jcm)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.